RICHARD WHITAKER V. THE STATE.

*No. 1013.　Decided June 10th, 1896.*

### 1.　Perjury—Assignment Upon Conflicting Statements.

Where there are two conflicting statements made by the accused, perjury should be assigned upon one of them and not upon both; and proof that one statement is false cannot be made alone by a statement in conflict with that assigned for the perjury.

### 2.　Same.

G. and Mc. were indicted for theft of the same property; Mc. was tried first, and defendant, as a witness in Mc.'s behalf, testified to facts showing Mc. to be innocent and G. to be the guilty party. On the subsequent trial of G., defendant, as a witness in behalf of G., reversed his former statement and swore to facts showing G. to be innocent and Mc. to be the guilty party. When he was reminded of his testimony in Mc.'s case, and asked, if he had not then stated, that it was G. who had done the things he was now charging upon Mc., he denied making such statement in the Mc. trial. The indictment for perjury was assigned upon the statement made by him in G.'s case. Held: It was altogether immaterial as to which statement was true, and that his denial that he had made the statement charged in the Mc. case, when in fact he had made it, was material to his credibility and could legally be assigned for perjury, and, upon proper proof, a conviction would be sustained.

### 3.　Same—Quantum of Proof—Charge.

On a trial for perjury, where the court instructed the jury, "in a case of perjury, the case of the State, in order to be sustained, must be supported by one witness and circumstances equal to another witness, or two witnesses." Held: Erroneous

the statute, Code Crim. Proc., Art. 786, requires two credible witnesses or one credible witness corroborated strongly by other evidence as to the falsity ot defendant's statement under oath, etc. The charge given did away with the statutory provisions.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

Appeal from a conviction for :perjury; penalty, five years' imprisonment in the penitentiary.

The opinion states the case.

*Stillwell H. Russell*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of perjury, and given five years in the penitentiary, and appeals. Counsel for appellant is mistaken as to the nature and basis of this prosecution. Perjury is not assigned upon one of two conflicting statements made by the appellant. When this is the case, the pleader should select a statement, assign it for perjury, and prove that it was false. Such proof cannot be made alone by a statement in conflict with that assigned for perjury. This doctrine is well settled. See, 2 Bishop's Crim. Law, Art. 1044. It appears from the record: That two persons were indicted, to-wit: John Gilbert and Lewis McDuff, for the theft of certain property alleged to belong to Sam Goldsmith. That the McDuff case was tried first, and appellant was a witness in said case, and testified that, on the night that the theft was committed, John Gilbert had come to him, and asked him to go with him—that he had something "on ice, down the street;" that he (appellant) refused to go with him; that after awhile John Gilbert came back, and took him and showed him where he had a lot of clothing (pants, coats, and vests) hid under Hamilton Hall; and that said Lewis McDuff had said nothing, except that he had bad luck and had been run. This clothing shown to the appellant by John Gilbert was the fruits of the crime for the theft of which Gilbert and McDuff were indicted. Now, when John Gilbert was upon trial for the same theft, appellant was again a witness, and upon the trial he swore that it was Lewis McDuff who came to him on the night that the theft was committed, and had said to him that he had something on ice down the street; that he (Whitaker) refused to go with him; that after awhile Lewis McDuff came back, and took him and showed him where he had a lot of clothing (pants, coats, and vests) hid under Hamilton Hall. When appellant testified that it was McDuff who had done these things (Gilbert being on trial), counsel for the State called his attention to his testimony in the McDuff case, and asked him if he had not stated in that trial that it was John Gilbert who had done these things. He denied making that statement in the McDuff trial, swearing that he had made the same statement in the McDuff trial that he was then making in the Gibert trial. Now, perjury was assigned upon

tion of the defendant's acts at the time of the killing, but are to be the statement that he had made the same statement in the McDuff trial, in regard to this matter, that he then made in the Gilbert trial. The indictment in this case sets up particularly what the statements were, assigning perjury upon the statement that he had never said that it was Gilbert who had taken him and shown him the clothes, etc. The indictment charges the truth to be that he made such a statement. Now, upon this state of case the prosecution for perjury is based. It is altogether immaterial as to which statement was true. When appellant swore in the Gilbert case that he was not the man who had shown him the clothes, etc., this was beneficial to Gilbert, and, if true, it tended to acquit Gilbert, and fasten the guilt upon McDuff; and whether appellant was a witness for the State, or for the defendant, Gilbert, is immaterial. If for the State, his testimony was injurious to the State, and the prosecuting attorney had a right to impeach him by showing that he had made contradictory statements in regard to very material facts in the Gilbert case. And when he denied making the statement charged in the trial of McDuff, when in fact he had made it, it being material to his credibility, it could be assigned for perjury, and, upon proper proof, conviction legally sustained. The court submitted to the jury the following charge: "In a case of perjury, the case of the State, in order to be sustained, must be supported by one witness and circumstances equal to another witness, or two witnesses." Counsel for appellant, in motion for a new trial, complained of this charge, contending that it is not the law. The court overruled the motion. The statute upon this subject provides: "In trials for perjury, no person shall be convicted, except upon the testimony of two credible witnesses, or of one credible witness, corroborated strongly by other evidence as to the falsity of the defendant's statement under oath; or upon his own confession in open court." Code Crim. Proc., Art. 786. Now, the court instructs the jury, in effect, that if the prosecution is sustained by the testimony of one witness, whether credible or not, and circumstances equal to another witness, or two witnesses, whether this last witness be credible or not, the jury would be authorized to convict. Again, this charge permits a conviction if the case of perjury is sustained by the testimony of such witnesses. The statute expressly provides that the falsity of the statement assigned for perjury must be established by two credible witnesses, or one credible witness corroborated strongly by other evidence. The statement assigned for perjury in this case is that the appellant had denied that he had sworn in the McDuff case that it was Gilbert who had shown him the clothing, etc., whereas in truth he had sworn that it was McDuff, instead of Gilbert. Now, the State was bound to prove by two credible witnesses, or one credible witness strongly corroborated by other evidence, that he had sworn that it was Gilbert, and not McDuff, who had taken him and shown him the clothing, etc The charge submitted to the jury was wrong, and not the law upon this subject In Washington v. State, 22 Tex. Crim. App., 26,

it was held fundamental error not to give the statutory provisions pertaining to the character of proof necessary to establish the falsity of the statement assigned for perjury. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*