Ex parte John David PARHAM.

No. 66217.

Court of Criminal Appeals of Texas, En Banc.

Feb. 4, 1981.

**104**

Paul G. Johnson, Sugarland, Allen C. Isbell, Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

**ODOM, Judge.**

This is a post-conviction habeas corpus action. See Art. 11.07, V.A.C.C.P. The applicant puts forward two grounds for relief. In his first ground he asserts that he is entitled to a new trial because he was denied his "Fifth and Sixth Amendment rights to conflict-free counsel."

The trial court in this action conducted a hearing and entered findings of fact and conclusions of law at the end of the hearing. The record reveals that the applicant and his brother, "Donny" Parham, were accused of the murder of P. T. Hooper. The brothers' mother retained the services of Don B. Morgan, attorney, to represent both of her sons, on October 23, 1974, the day after the shooting of Hooper. She stated that the retainer fee for such representation was $2,500.00 for applicant's defense and $1,000.00 for Donny's defense.

Almost immediately after being retained Morgan interviewed applicant and his brother at the Texas City jail. During these interviews Morgan "got the impression" that Donny had done the actual shooting of the victim in defense of his brother.

According to the mother, Morgan indicated that there *could be* a *potential* conflict of interest in his representation of both of her sons. She stated that he indicated that should a conflict arise he could represent only one of the sons. He further

assured her that there was no actual conflict of interest.

When applicant's case came to trial, it was Morgan's strategy to allow Donny to take the stand and admit to the actual shooting. Morgan planned to do this since, against his advice to the contrary, Donny insisted on giving such testimony. Morgan testified that such testimony would probably be beneficial to applicant and detrimental to Donny.

During the third day of applicant's trial, immediately prior to Donny's testimony, Morgan decided to request the appointment of different counsel to advise Donny concerning his testimony. A short recess was granted, another lawyer was obtained, and after a brief consultation between Donny and the other attorney the trial continued. Donny took the stand and invoked his Fifth Amendment privilege against self-incrimination.

Applicant was convicted and was sentenced to 50 years' confinement. Donny subsequently pleaded guilty and was assessed a 10 year sentence. Applicant's conviction was affirmed by this Court. The appeal did not raise the issue now presented.

Don B. Morgan, who also testified at the evidentiary hearing in the trial court, stated that when he was retained he told the mother and the brothers that "*if* at any time [he] I had a *technical* conflict of interest" he could no longer represent both brothers. Later in his testimony Morgan states, however, "*I knew there was a conflict of interest from the outset. I could not advise Donny Parham to do what he intended to do, as a lawyer.*" (Emphasis added.) Morgan added:

"I anticipated it [the conflict of interest] from the very day I was hired.

\* \* \* \* \* \*

"No question about it, I should never have undertaken the representation of both of them, no matter how bad they begged me to and it was a terrible mistake on my part. I wish to God I had never done it."

Morgan also explained the adverse effects of his dual representation on the applicant's case:

"I firmly believe that it wasn't in [applicant's] best interest to be advising his brother time after time not to get on the witness stand and admitting carrying the pistol and if there were two lawyers, I would be getting him to testify for his brother and I told Donny, 'You better not get on the stand and testify to what happened.

\*   \*   \*   \*   \*   \*

"If I had done my duty to [applicant] 100%, cared nothing about Donny I would have tried to get Donny Parham to do what he wanted to do . . . . "

Morgan acknowledged that it was a sense of obligation to Donny that caused him to interrupt applicant's trial and have new counsel advise Donny prior to his testimony.

Although Morgan stated that he explained a *possible* conflict of interest to applicant, the applicant testified that he was made aware of such a conflict for the first time on the third day of his trial.

The trial court concluded, as a matter of law, that the conflict of interest "was potentially harmful to Donny Parham, but petitioner suffered no prejudice because of the joint representation of himself and his brother by Don Morgan." We disagree.

 In order to establish a violation of the Sixth Amendment, due to the ineffective assistance of counsel, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). It is also clear that once a defendant shows that a conflict of interest actually affected the adequacy of his representation, he need not demonstrate any specific prejudice to obtain relief. *Cuyler v. Sullivan*, supra.

Our review of the record satisfies us that an actual conflict of interest existed in Morgan's representation of the applicant and his brother. Morgan himself pointed out that he recognized the conflict from the beginning of his work on the case. Also, because Morgan was advising his client Donny Parham not to testify, at the same time that his duty to his client John David Parham was to attempt to secure the testimony of Donny, we conclude that his divided loyalties adversely affected his representation of the applicant. See *Ex parte Alaniz*, Tex.Cr.App., 583 S.W.2d 380. This conflict of interest was a denial of effective assistance of counsel.

In light of this disposition we need not reach other error asserted. The conviction against applicant in cause 32966 in the 122nd Judicial District Court of Galveston County, Texas, is set aside. The applicant is ordered remanded to the custody of the Sheriff of Galveston County to answer the indictment pending against him in said cause.

It is so ordered.