**Carlos R. ORTEGA, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–81–095–CR.**

Court of Appeals of Texas,
Fort Worth.

April 7, 1982.

Gerald D. McDougall, Denver, Colo., for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

The appellant, Carlos R. Ortega, was convicted of aggravated perjury. His punishment was assessed at five years confinement in the Texas Department of Corrections in addition to a fine of $5000.00.

We affirm the judgment of the trial court.

The offense for which appellant was convicted arose out of a grand jury investigation of misapplication of funds by appellant's business associate, Waldemeer P. Kutteles. Kutteles, as managing partner of certain limited partnerships, was to have made certain real estate mortgage and tax payments on behalf of several limited partners who were making their payments through Kutteles. Appellant appeared as a witness before the grand jury. He was president of the company which syndicated the limited partnerships.

The perjury indictment delivered against the appellant charged appellant with having perjured himself in negatively responding to questions posed by the grand jury in regard to his knowledge that foreclosures upon land were occurring due to arrearages (supposedly caused by Kutteles' misapplication of the funds in his possession).

■ By his fifth and sixth grounds of error, the appellant urges that the trial court erred in denying his two motions for instructed verdict. These grounds of error are conclusive and contain no elaboration or authority. They do not comply with V.A.C. C.P. art. 40.09 sec. 9 (Supp.1982). *Daniel v. State*, 486 S.W.2d 944 (Tex.Cr.App.1972, cert. denied, 410 U.S. 958, 93 S.Ct. 1433, 35 L.Ed.2d 692). Since appellant does mention the materiality of the alleged misstatements we make reference to *Mitchell v. State*, 608 S.W.2d 226, 228 (Tex.Cr.App. 1980) wherein it is said that "A statement is material, regardless of its admissibility, if it '*could have affected* the course or outcome of the official proceeding' ". For the reason that the appellant himself may have been subject to indictment, we hold that his statements concerning his knowledge of the circumstances 'could have affected' the course or outcome of the grand jury's inquiries. We overrule the fifth and sixth grounds of error.

■ The appellant's first ground of error relates to his trial motion that the testimony of an investigator, Dan Waller, be struck from the record as being immaterial. Waller testified as to his investigations of Kutteles and the entity of which appellant was president. He described before the jury the method by which investors' funds were misapplied. He also testified that he was, in effect, unfamiliar with the appellant.

Waller's testimony provided the jury a context in which to consider whether the appellant committed aggravated perjury. In *Yarbrough v. State*, 617 S.W.2d 221 (Tex. Cr.App.1981), evidence of an extraneous offense was ruled to have been admissible to establish the appellant's motive for committing perjury. The background, as established by Waller, gave added significance to the knowledge appellant denied possessing. Furthermore, since Waller denied even being familiar with appellant, any error committed was harmless. We overrule the first ground of error.

■ By his second ground of error the appellant contends that, excluding a picture of Kutteles found therein, the remainder of a pen packet, showing that Kutteles had before pled guilty to four offenses involving the misapplication of funds, was immaterial to the appellant's trial for perjury.

The fact that Kutteles had pled guilty to these four offenses is elsewhere established in a letter which was introduced into evidence without objection. Thus, even if the admission of these four offenses was improper, no reversible error is shown because the same facts are shown by other evidence which is not challenged. *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978). We overrule the second ground of error.

■ By his fourth ground of error the appellant attacks the admission into evidence of the complete transcript of his testimony before the grand jury. The appellant appears to argue that it was improper for two prosecuting attorneys to read the transcript to the jury. In *Yarbrough v. State, supra*, it was held that error, if any, resulting from the fact that the reading of court reporter's transcription of a grand jury proceeding was done by the foreman of the grand jury was harmless. The court noted that the court reporter could have read the transcript into evidence. We likewise hold that the reading by the prosecutors was harmless.

Appellant also complains that the reading of the transcript was error because his right against self incrimination was violated because he was not warned before he testified. We fail to see how this relates to the fact that he is charged with having testified falsely. The appellant swore he would tell the truth before he testified before the grand jury. There is no evidence that appellant was compelled to tell anything but the truth. We overrule the fourth ground of error.

Inasmuch as the appellant's motion for new trial went to the trial court's alleged error in admitting the grand jury transcript, we overrule the eighth ground of error which asserts that the trial court erred in overruling the appellant's motion for new trial.

■ The appellant's seventh and ninth grounds of error go to the fact that the trial court failed to instruct the jury pursuant to V.A.C.C.P. art. 38.18(a) (1979). This article provides that "No person may be convicted of perjury or aggravated perjury if proof that his statement is false rests solely upon the testimony of one witness other than the defendant".

The appellant did not object to the court's charge on this matter. The appellant now contends that the trial court's failure to instruct on this matter is fundamental error.

V.A.C.C.P. art. 36.14 (Supp.1982) provides that the judge, in jury trials, shall deliver a "written charge distinctly setting forth the law applicable to the case; . . . " The provisions of article 38.18 are the law applicable to this case. However, V.A.C.C.P. art. 36.19 (1981) provides:

"When it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial."

Thus, it appears that article 36.19 establishes the test for what constitutes fundamental error from the standpoint of a court reviewing the court's charge. See also: *Martinez v. State*, 576 S.W.2d 854 (Tex.Cr. App.1979).

Looking to the record we observe that four witnesses testified that the testimony given by the appellant was false. The appellant has not pointed out, and we do not see, how the court's omission was calculated to injure the appellant's rights. The appellant was not denied a fair and impartial trial. We overrule the seventh and ninth grounds of error.

The judgment of the trial court is affirmed.