**Gary Duane SWEANEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–142–CR.**

Court of Appeals of Texas,
Fort Worth.

May 5, 1982.

Anderson, Anderson & Rodriguez and Rosendo Rodriguez, Jr., Wichita Falls, for appellants.

Timothy D. Eyssen, Dist. Atty., and Donald E. Maxfield, Asst. Dist. Atty., Wichita Falls, for State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

This appeal is from conviction of aggravated perjury. V.T.C.A. Penal Code § 37.-03.

The jury assessed punishment at 4 years imprisonment.

We affirm.

Appellant complains that (1) his motion in arrest of judgment should have been granted, because the indictment was amended unlawfully as to a matter of substance; (2) the trial court failed to instruct the jury correctly on the presumption of innocence; or (3) that to convict for the offense charged requires proof greater than the testimony of one witness other than the accused; (4) that the prosecutor's opening statement included unsworn testimony; and (5) appellant was denied the right to address the jury in closing arguments.

Appellant was indicted for allegedly false testimony he had given in a trial styled "The State of Texas v. Noble D. Mays, Jr.", in the 89th District Court, Cause No. 18557–C, in Wichita County.

The testimony alleged as false in the indictment was:

"[T]hat on a week-end during the latter part of the month of March, 1979, the said Gary Duane Sweany went to the Sheppard Air Force Base Officer's Club as a guest, of a Lt. Wayne Semenok, signed his name at said Officer's Club as a guest, and while present inside said Officer's Club, he, the said Gary Duane Sweaney, personally observed one Moore, a witness in said official proceeding, with another person, one Jerry Lamb, and personally observed the said Moore leave the said Officer's Club together with the said

Jerry Lamb; whereas, in truth and in fact, the said Gary Duane Sweaney did not at any time during the month of March, 1979, go to the Sheppard Air Force Base Officer's Club as a guest of Lt. Wayne Semenok; that said Gary Duane Sweaney did not sign his name as a guest at said Officer's Club; while present inside the Officer's Club did not observe the witness Moore together with the said Jerry Lamb; and while present inside the Officer's Club did not observe the said Moore and the said Jerry Lamb leave the Officer's Club together; and the said Gary Duane Sweaney made said false statement with knowledge of the statement's meaning and with intent to deceive, and said false statement was material to the issue under inquiry during said official proceeding, and said false statement could have affected the course and outcome of said official proceeding, and said statement was required by law to be made under oath."

At pre-trial hearing, April 10, 1980, the court granted the State's motion to amend the indictment to correctly spell the lieutenant's surname as *Semenok*, instead of *Semerrok*.

There is no contention that this would be a case of *idem sonans*.

The State does contend, however, that on April 10, 1980, appellant voluntarily and knowingly waived his right to a new indictment, after consultation with his attorney.

With his counsel's approval, appellant signed the following waiver under oath;

"WAIVER OF RIGHTS AND CONSENT AND APPROVAL OF AMENDMENT TO INDICTMENT

"Gary Duane Sweaney, being first by me duly sworn, deposes and says:

"I, Gary Duane Sweaney, am the defendant in the above styled and numbered cause. I have been advised of my rights by the Court and by my attorney, Mr. Rosendo Rodriguez, concerning the leave of the court to amend the indictment in this cause, to correct the spelling

of the name of the witness, Lt. Wayne Semenok. I have had adequate time to consult with my attorney on this matter. I understand the consequences of the amendment of the indictment. I know that I do not have to consent to and approve said amendment of the indictment.

"I hereby waive my rights concerning the amendment of the indictment to reflect the correct spelling of the name Lt. Wayne Semenok, and I freely and voluntarily consent to and approve the amendment of the indictment.

"I further understand that due to the amendment of the indictment, I and my attorney have the right to have additional time to prepare my case for trial. I do not request additional time to prepare my case due to the amended indictment and still desire to begin my trial on April 14, 1980.

"/s/Gary Duane Sweaney, Defendant"

At the pre-trial hearing, the court informed appellant of his right to demand a new indictment, and appellant testified that he understood, but freely and voluntarily waived, that right.

The court also informed appellant that the amendment would entitle him to a continuance, but appellant confirmed his desire to begin trial April 14, 1980.

Appellant now complains that the change in spelling Lt. Semenok's name was a change of substance, forbidden by V.A.C.C.P., art. 28.10, requiring reversal of his conviction.

Appellant also relies upon V.A.C.C.P., art. 1.05 and Art. I, Section 10 of the Texas Constitution, as authority that a person may not be held to answer for a felony except on the indictment of a grand jury.

The law, however, also recognizes the right of an accused to waive any of his rights except that of trial by jury in a capital felony case. V.A.C.C.P. art. 1.14.

In this, a non-capital felony case, appellant could have waived the entire indictment, had he wished. V.A.C.C.P. art. 1.141; *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr. App.1980).

We agree with the State's argument that if the lieutenant's name had been omitted entirely from the original indictment, the omission would not have affected the subject matter or general import of the allegation of aggravated perjury. V.A.C.C.P. art. 21.14.

We hold that the amendment after appellant's voluntary waiver did not render the indictment fatally defective.

Appellant's first ground of error is overruled.

■ Under his second ground, appellant argues that the jury's instructions should have included the verbatim text of V.T.C.A. Penal Code § 2.01:

"§ 2.01 Proof Beyond a Reasonable Doubt

"All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial."

Instead, the court's charge included the following instructions:

"I.

"You are instructed that the Grand Jury Indictment is of no evidence of guilt. It is merely the means whereby the defendant is brought to trial in a felony prosecution. It is not evidence nor can it be considered by you in passing upon the innocence or guilt of this defendant.

"II.

"In all criminal cases the defendant is presumed to be innocent, and the burden of proof is upon the State of Texas to establish his guilt by legal and competent evidence to the satisfaction of the jury beyond a reasonable doubt; and, if in this cause you have a reasonable doubt as to the guilt of the defendant, you will acquit him and say by your verdict 'Not Guilty'."

We hold that the court's charge was substantially similar to the language of § 2.01 and properly instructed the jury on the presumption of innocence and that the indictment supplies no inference of guilt. *De Russe v. State*, 579 S.W.2d 224 (Tex.Cr.App. 1979).

Appellant's second ground of error is overruled.

 The third ground complains of the court's refusal to instruct the jury in accordance with V.A.C.C.P. art. 38.18(a) that "No person may be convicted of perjury or aggravated perjury if proof that his statement is false rests *solely* upon the testimony of *one* witness other than the defendant." (Emphasis added.)

Appellant did not testify at the trial.

However, *three* State's witnesses, Lt. Semenok, Jim Zabel and James Moore, testified as to the falsity of the testimony appellant had given in the prior trial.

We hold that the failure to instruct the jury under art. 38.18(a) was not error.

Appellant's third ground of error is overruled.

 The fourth ground attacks the prosecutor's opening statement remarks, "I will ask you to find this Defendant guilty of aggravated perjury ... convict him of aggravated perjury because that's the offense that he committed on January 7" as being unsworn testimony.

Appellant's objection was sustained, and the jury was instructed to disregard. His motion for mistrial was overruled.

Appellant's brief presents no specific case citations in support of his fourth ground.

Having reviewed the entire record, we are unable to conclude that the offending remarks were so prejudicial as to deny appellant a fair trial.

We conclude that any error that may have remained after the trial court's instruction for the jury to disregard was harmless. *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr.App.1979).

Appellant's fourth ground of error is overruled.

In his fifth ground, appellant asserts that he should have been granted the right to address the jury after his attorney had concluded final argument on appellant's behalf.

The trial court's denial of the request was not error. *Hawkins v. State*, 613 S.W.2d 720 (Tex.Cr.App.1981); *Phillips v. State*, 604 S.W.2d 904 (Tex.Crim.App.1979).

Appellant's fifth ground of error is overruled.

Judgment is affirmed.