Latanya Renee McGUIRE, Appellant,

v.

The STATE of Texas, Appellee.

Beatrice Earline TREADWELL,
Appellant,

v.

The State of TEXAS, Appellee.

Ethel JOSEPH, Appellant,

v.

The State of TEXAS, Appellee.

Tina Louise JOSEPH, Appellant,

v.

The State of TEXAS, Appellee.

Johnnie Mae TREADWELL, Appellant,

v.

The State of TEXAS, Appellee.

Eugene TREADWELL, Appellant,

v.

The State of TEXAS, Appellee.

Nos. A14–84–774CR, B14–84–775CR, C14–
84–776CR, A14–84–777CR,
B14–84–778CR and C14–84–779CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 6, 1986.

Rehearing Denied March 27, 1986.

Discretionary Review Refused
May 14, 1986.

Craig A. Washington, William C. Rice, Jr., Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Roe Morris, Judy P. Mingledorff, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellants were tried jointly for the offense of aggravated perjury. They were convicted by the jury below. The court assessed each a punishment of three years confinement in the Texas Department of Corrections except for Johnnie Mae Treadwell who received four years confinement. Since appellants were tried jointly in the court below, we have consolidated the cases on appeal. Appellants, jointly and severally, have raised some seventeen grounds of error. After carefully reviewing each ground of error, we conclude that the judgments below must be affirmed.

All appellants are related by blood or marriage to Carlos Joseph, a one year old boy who died before he was to undergo an emergency operation at Ben Taub Hospital on November 27, 1982, and whose death was being investigated by the Harris County Grand Jury. Appellants were charged with having given false statements to the grand jury, these questions concerned the physical health of the child before 10:00 p.m. on November 26, 1982.

The State alleged that the child, on November 26, 1982, was suffering from a lacerated liver injury which should have been noticed by appellants. Such an injury would have caused great pain and suffering and would have restricted the child's breathing and movements. Each indictment contained questions propounded before the grand jury and the responses of each respective appellant.

All appellants stipulated to the following facts: (1) the Grand Jury of the 263rd Judicial District Court was conducting an official proceeding; (2) said proceeding was investigating the death of Carlos Joseph; (3) the persons named by the respective indictments in the cause before the court appeared as witnesses before the grand jury; (4) they appeared on the respective dates as alleged; (5) they gave statements under oath after being duly sworn by D.G. McCann; (6) those statements made were authorized by law to be made under oath; and (7) those statements were material.

At trial, the State introduced the grand jury testimony of each appellant. This testimony concerned the physical conditions of the child on November 26, 1982. Each appellant testified there was nothing wrong with the child. They testified the child's eating and breathing habits were normal and that the child was not crying or irritable or suffering from a fever.

Willie Braxton, a Houston Fire Department paramedic, testified that he observed bruises and cuts on the face of the child when he saw him the night of November 26, 1982. Dr. Robert Rudolf, then chief of the Ben Taub emergency room, testified that his initial examination of the child raised an immediate impression of child abuse. Dr. William Pokorney, a pediatric surgeon who treated Carlos Joseph at Ben Taub, testified that the baby's preoperative diagnosis was a blunt trauma to the abdomen. In his opinion a three-inch liver laceration would restrict the child's movements, reactions and breathing. This type of injury is painful and the family would notice there was something wrong with the child.

Dr. Aurelio Espinola, Harris County Assistant Medical Examiner, testified the cause of death was a laceration of the liver due to a blunt trauma, complicated by pneumonia. Dr. Espinola testified the liver

injury was at least three days old and would produce the following symptoms: pain, restricted breathing, discomfort and restricted movement. Dr. Joseph Jachimczyk, Harris County Medical Examiner, corroborated Dr. Espinola's finding concerning the age of the liver injury.

All appellants, except Beatrice Earline Treadwell, argue the evidence is insufficient to support their conviction for aggravated perjury because the conviction was based on the testimony of only one witness.

Appellants were convicted under TEX. PENAL CODE ANN. § 37.02 and § 37.03, which in part reads:

37.02  PERJURY

(a) A person commits an offense if, with intent to deceive and with knowledge of the statement's meaning:

(1) he makes a false statement under oath or swears to the truth of a false statement previously made; and

(2) the statement is required or authorized by law to be made under oath.

37.03  AGGRAVATED PERJURY

(a) A person commits an offense if he commits perjury as defined in Section 37.02 of this code, and the false statement:

(1) is made during or in connection with an official proceeding; and

(2) is material.

The gravamen of appellants' argument pertains to the interpretation of TEX. CODE CRIM.PROC.ANN. § 38.18, which reads in pertinent part as follows:

(a) No person may be convicted of perjury or aggravated perjury if proof that his statement is false rests solely upon the testimony of one witness other than the defendant.

Prior to its amendment in 1973, Article 38.18 read as follows:

In trials for perjury or false swearing, no person shall be convicted except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other evidence as to the falsity of the defendant's statement under oath, or upon his own confession in open court.

It is the contention of appellants that Dr. Espinola was the only witness produced to prove the state's allegation of perjury. They contend Dr. Jachimczyk's testimony cannot be considered because it is based on lab slides and the autopsy report prepared by Dr. Espinola.

The argument of appellants is supported by judicial decisions rendered before the 1973 amendment to Article 38.18. Prior to 1973 a defendant could not be found guilty of perjury if proof of the falsity of his statement was based upon the uncorroborated testimony of one witness. *See Donley v. State*, 167 Tex.Crim. 427, 320 S.W.2d 847 (1959); *Taylor v. State*, 22 S.W. 974 (Tex.Crim.App.1893). The testimony of one witness could be used to convict the accused when the testimony was strongly corroborated by other evidence. *Smith v. State*, 22 Tex.Ct.App. 196, 2 S.W. 542 (1886); *Whitaker v. State*, 37 Tex.Crim. 479, 36 S.W. 253 (1896). "Strongly corroborated" was defined in *Gabrielsky v. State*, 13 Crim.R. 428 (1883), wherein the Court of Criminal Appeals stated that the corroborating evidence should come from a source other than from the witness who was to be corroborated. It was certainly never intended that a witness could corroborate his own testimony by his own acts and declarations. *Id.* at 440. Thereby, Dr. Jachimyczk's testimony, being based upon reports and lab slides prepared by Dr. Espinola, could not have corroborated Dr. Espinola's findings.

■ Article 38.18 no longer requires the testimony of two credible witnesses or of one credible witness corroborated strongly by other evidence. It is our opinion that Article 38.18 stands for the proposition that to obtain a conviction for perjury or aggravated perjury, the State need only produce more than one witness.

■ Dr. Jachimczyk testified that the liver injury was at least three days old. His findings were based upon his independent examination of the tissue specimens. Additionally, Dr. William Pokorney testified this

type of liver injury would be very painful to the child, the child would not behave normally and his family would notice that there was something wrong. Also, from the testimony of Dr. Robert Rudolf, Dr. Mark Malone and Wille Braxton, the jury could infer that the child was in great pain during the entire day of November 26, 1982. In the instant case the State has met its burden. This ground of error is without merit and is overruled.

■ In her sixth ground of error, Tina Louise Joseph alleges the trial court committed fundamental error in failing to instruct the jury that no person may be convicted of perjury on the testimony of one witness. Since we have found more than one witness testified as to the falsity of appellant's statement there was no error in the failure to so instruct the jury. *Ortega v. State*, 631 S.W.2d 802 (Tex.App.—Fort Worth 1982, no pet.); *Sweaney v. State*, 632 S.W.2d 932 (Tex.App.—Fort Worth 1982, no pet.). This ground of error is overruled.

■ Both Tina Louise Joseph and Beatrice Earline Treadwell argue that the evidence was insufficient to prove they knowingly made a false statement with the intent to deceive. The standard we must use in deciding a sufficiency of the evidence question is to decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). The requisite intent to deceive may be inferred from the circumstances. *Mitchell v. State*, 608 S.W.2d 226, 229 (Tex.Crim.App.1980); *See Williams v. State*, 567 S.W.2d 507, 510 (Tex. Crim.App.1978). A conviction on circumstantial evidence cannot be sustained on appeal unless the evidence excludes every reasonable hypothesis except that of the defendant's guilt. *Freeman v. State*, 654 S.W.2d 450 (Tex.Crim.App.1983); *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983). Based upon the testimony of Dr. Espinola,

Dr. Jachimczyk, Dr. Pokorney, Willie Braxton, Dr. Robert Rudolf and Dr. Mark Malone, the jury had been provided with sufficient evidence. Dr. Espinola and Dr. Jachimczyk testified as to painful internal injuries suffered by the child. They also testified as to the external symptoms a lacerated liver would cause which should have been noticed by appellants. This ground of error is overruled as to both Tina Louise Joseph and Beatrice Earline Treadwell.

Latanya Renee McGuire, Tina Louise Joseph, Johnnie Mae Treadwell and Eugene Treadwell were all represented at trial by the same attorney.[1] They now claim denial of effective assistance of counsel due to the conflicting interests of the trial attorney. Appellants claim they were harmed by the decisions of trial counsel since his multiple representation prevented him from exercising the requisite skill and professional judgment required of him to the prejudice of each appellant.

The trial court conducted a hearing, at the request of the State, to determine if a conflict of interest existed. The court inquired as to any discussion trial counsel had had with appellants concerning the possibilities of a conflict of interest. Trial counsel stated he had explained the possible conflicts, what they would mean, and the remedy, if they arose. He had determined there was no conflict of interest.

The trial court then addressed appellants and asked if they understood the proposition that "an explanation that might exonerate one defendant may in fact incriminate another defendant." Each appellant answered yes. Then the court asked appellants if they felt a conflict existed. All appellants answered that they felt a conflict did not exist. Finally, after an informative address by the judge of the risks accompanied by multiple representation, all appellants stated their desire to be represented by the same lawyer.

---

1. At trial, the above-mentioned defendants along with Beatrice Earline Treadwell and Johnny Ray McGuire were represented by a Mr. Bullock. Beatrice has not raised this issue as error. Johnny Ray McGuire received probation and has not appealed that decision.

■ An actual and significant conflict of interest exists when "one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing." *Gonzales v. State,* 605 S.W.2d 278, 282 (Tex.Crim.App.1980). Once a conflict of interest is shown actually to have affected the adequacy of representation, an accused need not demonstrate prejudice in order to obtain relief. *Ex Parte McCormick,* 645 S.W.2d 801, 806 (Tex.Crim.App.1983). An actual conflict which adversely affects an attorney's performance can never be harmless error. But permitting a single attorney to represent co-defendants is not *per se* violative of constitutional guarantees of effective assistance of counsel. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In some cases multiple defendants can appropriately be represented by one attorney. In the view of Justice Frankfurter: "Joint representation is a means of insuring against reciprocal recrimination. A common defense often gives strength against a common attack." *Glasser v. United States,* 315 U.S. at 92, 62 S.Ct. at 475 (dissenting opinion). Mere assertions of a conflict of interest do not support ineffective assistance of counsel. *See Stutes v. State,* 530 S.W.2d 309, 313 (Tex.Crim.App.1975).

■ To establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyers performance before he is entitled to a reversal of his convictions. *Cuyler v. Sullivan,* 446 U.S. 335, 347, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980); *Lerma v. State,* 679 S.W.2d 488 (Tex.Crim. App.1982).

In applying the standard set forth in *Cuyler* and *Lerma* we must look to see if appellants have demonstrated that an actual conflict of interest adversely affected their lawyer's performance. Relief has been granted in those cases in which a defendant has shown a conflict which has actually affected the adequacy of his attorney's performance. In *Ex Parte Parkam,* 611 S.W.2d 103 (Tex.Crim.App.1981), the defendant proved trial counsel's actual knowledge of a conflict of interest. The trial counsel failed to secure testimony which was beneficial to one defendant, but could have been harmful to his co-defendant. In *Ex Parte Alaniz,* 583 S.W.2d 380 (Tex.Crim.App.1979), a conflict of interest was found when the testimony of petitioner's co-defendant, if elicited, would have created a reasonable doubt as to petitioner's guilt. In *Ex Parte Acosta,* 672 S.W.2d 470 (Tex.Crim.App.1984) and *Amaya v. State,* 677 S.W.2d 159 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd.), conflicts of interest were found because trial counsel failed to introduce evidence which could possibly have exonerated one defendant but conflicted with the defense of a co-defendant.

■ Appellants directed this court to the failure of trial counsel to object to certain evidence and his failure to elicit certain evidence in an effort to show an actual conflict of interest. Their argument is based on: (1) trial counsel's failure to object or request a limiting instruction when the State introduced the grand jury statement of each appellant to be used collectively as evidence against all other defendants; (2) trial counsel's failure to object during closing argument when the State made reference to the inconsistencies in each appellant's grand jury testimony and (3) the failure to question witnesses regarding the probability that any one appellant was more or less likely to have noticed anything wrong with the child.

The grand jury statement of each appellant evidenced that he/she felt there was nothing wrong with the health of the child on November 26, 1982. Each statement was self serving and incriminated only the appellant making the statement. The inconsistencies in the grand jury testimony of each appellant was evidence to establish the element of knowledge of the falsity of their testimony. Finally, a review of the record indicates a trial strategy in which

appellants contend the child was not showing any signs of his injury the day before his death. For trial counsel to show that one appellant was more or less likely to have noticed anything wrong with the child would have been inconsistent with the strategy at trial. We find this contention of ineffective assistance of counsel to be without merit, therefore, this ground of error is overruled.

Ethel Joseph was the only appellant who had a separate attorney. She now claims that she was denied effective assistance of counsel since she had to be tried with her co-defendants. Her counsel did not request a severance and the decision not to request a severance was a matter of trial strategy which is reviewable only if the record demonstrates that the action has no plausible basis. *Ex Parte Ewing*, 570 S.W.2d 941 (Tex.Crim.App. 1978). Absent a motion for severance or a showing of prejudice there is no error in consolidating the trial of two or more defendants. *Robinson v. State*, 449 S.W.2d 239 (Tex.Crim.App.1969); *Garza v. State*, 622 S.W.2d 85, 91 (Tex.Crim.App.1981). The trial strategy of Ethel Joseph and her co-defendants was one and the same. She was attempting to benefit from the joint defensive theory that all parties lacked knowledge of the child's injuries. Ethel Joseph has failed to show any prejudice, thus, this ground of error is overruled.

In her third ground of error, Tina Louise Joseph argues that she was denied effective assistance of counsel because her trial counsel failed to request a limiting instruction on the jury's consideration of the grand jury testimony of her co-defendants in determining her guilt, failed to object to the admission of her co-defendants grand jury testimony, failed to object to the closing arguments of the prosecutor concerning inconsistent statements of appellants and for allowing for only one jury instruction containing each of the co-defendants' perjured statements. Beatrice Earline Treadwell argues that her counsel was ineffective because he repeatedly failed to object to certain leading questions.

Our standard to use to determine ineffective counsel is to determine if counsel's performance was deficient to the extent that counsel was not functioning within the Sixth Amendment mandate of "right to counsel." Secondly, the defendant must show a reasonable probability that but for counsel's unprofessional errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The right to counsel, whether appointed or retained, does not mean errorless counsel. *Williams v. State*, 549 S.W.2d 183 (Tex. Crim.App.1977). The totality of the attorney's representation will be considered. *Benoit v. State*, 561 S.W.2d 810 (Tex.Crim. App.1977). This court will not second-guess through hindsight the strategy of counsel at trial nor will the fact that another attorney might have pursued a different course of action support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588 (Tex.Crim.App.1979). Failure to object to jury argument which is within the permissible scope of comment does not constitute ineffective assistance of counsel, *King v. State*, 649 S.W.2d 42, 45 (Tex.Crim.App. 1983), and isolated instances of failure to object will not necessarily render counsel ineffective. *Johnson v. State*, 629 S.W.2d 731, 736 (Tex.Crim.App.1981). A review of the totality of representation afforded does not reflect a denial of effective assistance of counsel. The counsel for Tina Louise Joseph assisted in the effective cross-examination of the State's witnesses. Through this cross-examination it was established that the child may have been injured after being hit by the neighbor's automobile. Additionally, he produced witnesses which corroborated appellant's description of the child's health. The examples cited by Beatrice Earline Treadwell do indicate that her counsel failed to object to certain leading questions, yet, she has failed to show any prejudice. This ground of error as to Tina Louise Joseph and Beatrice Earline Treadwell is overruled.

In her fifth ground of error, Tina Louise Joseph argues the trial court erred in overruling her objection to admitting the

testimony of Robert H. Warkenton. Warkenton, a Houston Police Department chemist and toxicologist, testified as to the nature of the deposits found on the child's pants. He testified the child's pants contained a moderate to heavy deposit of motor grease mixed with other debris normally collected on cars that travel wet roads. He compared the samples taken from the child's pants with samples taken from the driveway of appellants one year after the alleged incident. The objection to this testimony was raised by the counsel for Ethel Joseph and no such objection was raised by the counsel for Tina Louise Joseph. There is no evidence in the record to indicate that there was an agreement between the trial attorneys as to joint objections. Since the counsel for Tina Joseph did not object to this issue at trial, the merits of this ground of error have not been preserved for appellate review. *See White v. State,* 629 S.W.2d 701, 705 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457 (1982). This ground of error is overruled.

In her second ground of error Beatrice Treadwell argues that her indictment is fundamentally defective because the offense of aggravated perjury was not set forth in plain and intelligible words. She did not file a motion to quash the indictment. In the absence of such a motion, the only defect which may be raised properly for the first time on appeal is that the indictment fails to alleged the constituent elements of the offense as defined by statute. *Reynolds v. State,* 547 S.W.2d 590, 591 (Tex.Crim.App.1976); *American Plant Food Corporation v. State,* 508 S.W.2d 598, 604 (Tex.Crim.App.1974), *cert. dismissed,* 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795 (1975).

This indictment contains all the essential elements enumerated in TEX.PENAL CODE ANN. §§ 37.02, 37.03 (Vernon 1974), thus it was sufficient to appraise the appellant of the charge against her. *See Ex Parte Burkett,* 577 S.W.2d 265 (Tex. Crim.App.1979); *Sweaney v. State,* 632 S.W.2d 932 (Tex.App.—Fort Worth 1982, no pet.). Beatrice Treadwell's second ground of error is overruled.

All the grounds of error raised by the six appellants have been overruled. Accordingly, the judgments of the trial court are affirmed.

SEARS, Justice, dissenting.

I respectfully dissent. The judgment of the trial court should be reversed because there was insufficient evidence to prove their guilt beyond a reasonable doubt. Dr. Espinola testified as to his *opinion* of the symptoms that would *normally* manifest themselves as a result of the injuries suffered by the child. He did not and could not testify regarding any *actual* symptoms manifested by the child. Dr. Jachimczyk totally refuted Dr. Espinola's testimony and testified that in his opinion the child could have appeared normal and healthy. The state failed to produce any witness that could testify as to the condition of *this* child or the symptoms evident in *this* child prior to death. It is just as reasonable to believe the expert testimony of Dr. Jachimczyk that children are unpredictable and that they may have serious and life-threatening internal injuries, yet appear normal and healthy to the untrained eye.

I would sustain ground of error number one and reverse the judgment of the trial court with instructions to find the appellants not guilty.