Opinion issued March 5, 2009
 










     




In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00574-CR




FRED WILLIAM BROUSSARD, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 2 
Harris County, Texas
Trial Court Cause No. 1517112




MEMORANDUM OPINION 

          A jury found appellant, Fred William Broussard, guilty of driving while
intoxicated.


 The trial court sentenced appellant to 180 days in jail, suspended for
two years of community supervision. In two issues, appellant contends that the State
engaged in improper jury argument during its opening and closing statements. 
          We affirm. 
Background
          While on patrol, Deputy J. Mabery, of the Harris County Sheriff’s Department,
observed appellant’s pickup truck swerving in and out of its lane on the freeway. 
Deputy Mabery initiated a traffic stop for the offense of failure to maintain a single
lane. Appellant continued to drive for a distance before pulling over onto the side of
the freeway. Deputy Mabery asked appellant to step out of his truck and away from
the fast-moving freeway traffic. Deputy Mabery observed that appellant had glassy
eyes, slurred speech, responded slowly to questions, and gave answers that “weren’t
making sense.” Deputy Mabery noted that appellant had difficulty maintaining his
balance and that his breath smelled of alcohol. When appellant got out of his truck,
he tripped and nearly fell. Deputy Mabery asked appellant if he had been drinking. 
Appellant responded, “Call my lawyer.” When Deputy Mabery offered appellant the
opportunity to perform the standard field sobriety tests, appellant again responded,
“Call my lawyer.” Deputy Mabery arrested appellant for driving while intoxicated. 
 
          While he was being transported by Deputy Mabery, appellant became loud and,
according to Deputy Mabery, “boisterous,” complaining that his handcuffs were too
tight. At the police substation, appellant refused to give a breath sample and
repeatedly requested to contact his lawyer. Appellant continued to be “boisterous”
throughout the booking process.
          At trial, the jury heard the testimony of Deputy Mabery and of Deputy J.
Vadzemnieks, who had contact with appellant at the substation. Deputy
Vadzemnieks told the jury that he believed that appellant was intoxicated because
appellant’s speech was slurred. Deputy Vadzemnieks also stated that appellant was
“belligerent,” refused to answer basic questions, and continued to ask for his attorney. 
The jury also saw a videotape of appellant taken at the substation several hours after
the arrest. 
          Appellant introduced evidence indicating that he had a head injury on the night
in question. Appellant argued that the signs of intoxication described by the officers
were attributable to his head injury. 
          The jury found appellant guilty of driving while intoxicated. This appeal
followed.
 
State’s Closing Argument
          In his first issue, appellant contends, “The trial court erred by failing to sua
sponte condemn the prosecutor’s explicitly unconstitutional argument in violation of
appellant’s federal and state constitutional right to counsel and right to remain silent.” 
During its closing statement, the prosecutor argued,
If Mr. Broussard had a brain injury or head injury, why did he say, “I
want to talk to my attorney?” Why would he get to the police station
when he was on film and do nothing? If he knows that he had a brain
injury, why is he saying, “I want to talk to my attorney; I’m not doing
anything?” That’s not somebody who had a brain injury. That’s not
somebody who had a head injury. That’s somebody that knows they got
caught. 

          On appeal, appellant asserts that such argument improperly comments on
appellant’s choice not to testify “and offends the constitutional privilege against self-incrimination.” Appellant concedes that he did not object to this portion of the
State’s argument at trial. Nonetheless, appellant contends that the trial court “should
have acted sua sponte to at least inform the jury that Appellant’s request for counsel
could not be considered as evidence of his guilt” Appellant asserts such duty arises
from the “toxic and flagrantly unconstitutional nature” of the State’s argument.
          Appellant cites no authority to support his contention that the trial court had
a sua sponte duty to address the State’s argument. To the contrary, the Court of
Criminal Appeals has held that “a defendant’s failure to object to a jury argument or
a defendant’s failure to pursue to an adverse ruling his objection to a jury argument
forfeits his right to complain about the argument on appeal.” Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996); see Threadgill v. State, 146 S.W.3d 654, 670
(Tex. Crim. App. 2004). Improper jury argument may not be raised for the first time
on appeal. See Cockrell, 933 S.W.2d at 89; see also Threadgill, 146 S.W.3d. at 670.
Because he did not object in the trial court, appellant has forfeited his right to
complain on appeal about the State’s argument. See Cockrell, 933 S.W.2d at 89; see
also Threadgill, 146 S.W.3d at 670.
          We overrule appellant’s first issue.
State’s Opening Statement
          In his second issue, appellant contends, “The trial court erred in overruling
appellant’s objection to the prosecutor’s improper comments during opening
statement.” Appellant points to the following portion of the State’s opening
statement: 
[The State:] Now, when you’re listening to this testimony, you’re
listening to all the evidence in the case, I’m going to ask you to think of
three questions: One, is this the type of driving my family, my friends— 
 
[The Defense:] Objection, argumentative.
 
The Court: Overruled.
 
[The State:] Second, what measure do I want to see [sic] to the driver’s
of Harris County?


 
 
Third, what is the real reason the defendant decided not to take
that breath test, why he decided to take that evidence away from you.
At the conclusion, we’re more than confident that we’re going to
prove our case beyond a reasonable doubt, that not only did the
defendant no longer have possession of his mental faculties, but that he
no longer had possession of his physical faculties, and that you’re going
to find him guilty.
          On appeal, appellant asserts that the State’s opening statement was improper
because it “made no mention of the facts of Appellant’s case” and did not “describe
the nature of the accusations against Appellant.” Appellant contends that the
prosecutor’s opening remarks exceeded the scope of permissible opening statements
because the State “implicitly argue[d] for Appellant’s guilt using a plea for law
enforcement.” 
          Appellant made no objection to the State’s remarks following the overruling
of his “argumentative” objection. Thus, appellant’s objection preserved error only
with regard to that portion of the State’s opening remarks that preceded the objection
and only with regard to whether that portion of the opening statement was
“argumentative.” See Tex. R. App. P. 33.1(a)(1)(A); see also Coffey v. State, 796
S.W.2d 175, 180 (Tex. Crim. App. 1990) (holding appellant’s complaint regarding
State’s closing argument not preserved because it did not comport with objection
made in trial court); Wilson v. State, 179 S.W.3d 240, 249 (Tex. App.—Texarkana
2005, no pet.) (recognizing that, “[t]o preserve a complaint about improper jury
argument, a defendant must object each time the impermissible argument is made, or
the complaint is waived”). As a result, we shall address only whether the trial court
erred by overruling appellant’s “argumentative” objection to the portion of the State’s
opening remarks that precede the objection.
          In a criminal case, the State’s opening statement serves to outline the facts that
the prosecution, in good faith, expects to prove. Ketchum v. State, 199 S.W.3d 581,
597 (Tex. App.—Corpus Christi 2006, pet. ref’d); Parra v. State, 935 S.W.2d 862,
871 (Tex. App.—Texarkana 1996, pet. ref’d). With respect to the prosecution’s
opening statement, Code of Criminal Procedure article 36.01(a)(3) provides that
“[t]he State’s attorney shall state to the jury the nature of the accusation and the facts
which are expected to be proved by the State in support thereof.” Tex. Code Crim.
Proc. Ann. art. 36.01(a)(3) (Vernon 2007). Argument to the jury should not be made
by the State during its opening statement. See Hullaby v. State, 911 S.W.2d 921, 927
(Tex. App.—Fort Worth 1995, pet. ref’d). An opening statement in which the
prosecutor engages in jury argument, rather than stating to the jury the nature of the
accusations and the evidence that the prosecution expects to produce, is improper. 
See id.
          We agree that, in this case, the complained-of portion of the prosecutor’s
opening statement referencing the jury’s family and friends did not inform the jury
of the nature of the accusation against appellant or of the facts that the State expected
to prove. Instead, that portion of the opening statement was jury argument, which is
not the proper subject of the prosecution’s opening statement. See id. 
          To determine harm, appellant and the State both assert that we should
determine whether the complained-of opening remarks affected a substantial right. 
See Tex. R. App. P. 44.2(b); Martinez v. State, 17 S.W.3d 677, 692 (Tex. Crim. App.
2000) (holding improper closing argument concerning matters outside record is
nonconstitutional error). A substantial right is affected when the error had a
substantial and injurious effect or influence on the jury’s verdict. King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997). 
          Courts have looked to three factors in applying Texas Rule of Appellate
Procedure 44.2(b) to determine whether an improper closing argument had a
substantial and injurious effect or influence on the verdict: (1) the severity of the
State’s misconduct (the magnitude of the prejudicial effect of the prosecutor’s
remarks); (2) measures adopted to cure the misconduct (the efficacy of any cautionary
instruction by the trial court); and (3) the certainty of conviction absent the
misconduct (the strength of the evidence supporting the conviction). See Mosley v.
State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (discussing harm analysis under
Tex. R. App. P. 44.2(b)). In reviewing whether improper comments by the prosecutor
during opening statement constitute reversible error, appellate courts have determined
whether, when viewed in conjunction with the record as a whole, the statement was
so prejudicial as to deny appellant a fair trial. Herrera v. State, 915 S.W.2d 94, 97
(Tex. App.—San Antonio 1996, no pet.); Brockway v. State, 853 S.W.2d 174, 176
(Tex. App.—Corpus Christi 1993, pet. ref’d); Sweaney v. State, 632 S.W.2d 932, 935
(Tex. App.—Fort Worth 1982, no pet.). 
          The first two Mosley factors weigh in appellant’s favor. First, the complained-of opening comments were contrary to the defined purpose of opening statements and
were unequivocally improper. See Tex. Code Crim. Proc. Ann. art. 36.01(a)(3).
The remarks served no purpose but to influence the jury’s decision making process.
Second, because appellant’s objection was overruled, the trial court adopted no
measures to cure the misconduct. 
          The third Mosley factor weighs heavily in the State’s favor. The evidence
against appellant was strong, particularly Deputy Mabery’s testimony. Deputy
Mabery’s testimony provided more than sufficient evidence to support the jury’s
guilty verdict. Credibility determinations are within the province of the jury. See
Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997). Based on its guilty
finding, the jury apparently found Deputy Mabery to be credible. Therefore, the
certainty of appellant’s conviction, absent the complained-of remark by the
prosecutor, was high. See Mosley, 983 S.W.2d at 259. Although the prosecutor
should not have engaged in jury argument during her opening statement, we conclude
that the argument did not have a substantial and injurious effect or influence on the
jury’s verdict and was, therefore, harmless. 
          In support of his second issue, appellant also points out, as he did in his first
issue, that the State improperly alluded to appellant’s refusal to testify in its closing
argument. Appellant asserts that this “exacerbated” the harmful effect of the State’s
improper opening remarks. As discussed, because he did not object to State’s closing
argument on this point, appellant has not preserved error regarding it. Appellant cites
no authority that objected-to argument and unobjected-to argument may be combined
to cause a reversal because of a perceived cumulative effect of all argument. Viewing
only the appellate issue for which appellant preserved error in the trial court, we
conclude that appellant has not shown cumulative error. See Feldman v. State, 71
S.W.3d 738, 757 (Tex. Crim. App. 2002) (holding appellant had not shown
cumulative error). 
          We overrule appellant’s second issue.
Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).