**Juan Jose ARANDA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–81–00075–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 22, 1982.

Robert Everett L. Looney, Austin, for appellant.

Charles R. Borchers, Laredo, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for capital murder. Tex.Penal Code Ann. § 19.03(a)(1) (Vernon 1974). Appellant and his brother were indicted jointly, and after separate trials, appellant was found guilty by the jury. At the punishment stage, the jury answered negatively to special issue number two pursuant to Tex.Code Crim. Pro.Ann. art. 37.071 (Vernon 1981), and accordingly, the trial court assessed punishment at life imprisonment. The sufficiency of the evidence is not challenged on appeal. We affirm.

The record reveals that Laredo police officer Candelario Viera, on patrol about midnight July 31, 1976, observed a station wagon with out-of-town license plates traveling toward the Rio Grande River banks. Being an experienced narcotics officer, and familiar with the area, he knew the vehicle was heading toward a known narcotics crossing point. The station wagon arrived at the river. Two persons[1] emerged and walked to the water's edge. After a few moments, the two men returned to the vehicle and drove it to the water. Subsequently, Viera saw the station wagon leave the river, noting, however, it rode lower than it had on its arrival. He also saw several burlap sacks in the station wagon which had not been there before. Viera followed the vehicle and radioed for assistance to make a stop. At a city intersection Laredo police officer Pablo Albidrez stopped his patrol car in front of the station wagon and Viera pulled his car up behind it. In the ensuing shootout, Albidrez was mortally wounded. Appellant was arrested and later identified in court as having fired the fatal bullet.

■ At the outset, appellant argues that his motion to quash the indictment should have been granted because an element of the offense of capital murder, that is, that the victim, a peace officer, was acting in the lawful discharge of official duty at the time and place of the killing, was not correctly alleged. He further contends denial of constitutional due process averring the indictment was unconstitutionally vague since it did not specify facts denoting "official duty" of the deceased officer. The indictment alleged in pertinent part that

> Arturo D. Aranda and Juan J. Aranda, then and there acting together, knowingly and intentionally caused the death of an individual, Pablo E. Albidrez, a peace officer, by shooting him with a gun and the said ARTURO D. ARANDA and JUAN J. ARANDA then and there knew that the said Pablo E. Albidrez was a peace officer, to wit: a police officer of the City of Laredo, in the State of Texas, who was acting in the lawful discharge of an official duty, . . .

Although the phrase "who was acting in the lawful discharge of an official duty" may be awkwardly placed in the indictment, we find the indictment sufficiently charged appellant with shooting Albidrez, a peace offi-

---

1. The two subjects were later identified as appellant, Juan Jose Aranda, and his brother, Arturo Daniel Aranda.

cer in the lawful discharge of an official duty, knowing at the time that Albidrez was a police officer. *Esquivel v. State,* 595 S.W.2d 516, 528 (Tex.Cr.App.1980), *Accord, White v. State,* 543 S.W.2d 104, 106 (Tex.Cr. App.1976). We find that the indictment contained all of the elements of capital murder as prescribed by Tex.Penal Code Ann. § 19.03(a)(1) (Vernon 1974). *Haecker v. State,* 571 S.W.2d 920 (Tex.Cr.App.1978), which appellant cites, will not support his argument that the facts constituting the deceased officer's lawful duty must be alleged in the indictment. *Haecker* reaffirms settled Texas law that it is the *defendant's* acts, not the victim's, which must be specifically stated in order that the defendant may prepare his defense. Sufficient facts must be alleged to give the accused notice of the particular offense with which he is charged. In the instant case the language of § 19.03(a)(1) was descriptive of the offense, and no greater particularity in pleading was required. We hold the indictment was not void for vagueness and appellant had notice of the offense charged against him. The ground of error is overruled.

In his second ground of error, appellant asserts his motion to quash the indictment should have been granted because of failure to allege what the jury must find in order to support imposition of the death penalty: (1) that the defendant's criminal conduct was deliberate and was committed with the reasonable expectation that the death of the victim or another would result; (2) that there is a probability that the defendant would commit further crimes of violence that would constitute a continuing threat to society; and (3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased. Therefore, appellant maintains, the indictment is void for failure to provide appellant with fair notice as required by due process. We disagree.

■ Appellant reasons that just as the indictment must allege the enhancement allegation in a case involving enhancement of punishment, so must it allege the special issues of article 37.071, *supra,* in a capital murder case. Appellant's logic is not persuasive. The purpose of an indictment is to invoke the trial court's jurisdiction and to give a defendant sufficient notice of the charges against which he must defend. *See American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974). On the other hand, the particular prior conviction upon which enhancement is based must be stated to satisfy the requirement for sufficient notice. Without that notice, a defendant would not know until the punishment stage that the State would seek greater punishment. Tex.Penal Code Ann. § 12.42 (Vernon 1974).

■ However, the very fact of a capital murder indictment places the defendant on notice that conviction will result in either life imprisonment or the death penalty. *Id.,* §§ 19.02(b), 12.31(a). Clearly, the defendant so charged is also placed on notice that the legal procedure to be followed in the event of conviction for capital murder is that stated in Tex.Code Crim.Pro.Ann. art. 37.071 (Vernon 1981).

The Court of Criminal Appeals addressed a similar issue in *Vigneault v. State,* 600 S.W.2d 318, 329–330 (Tex.Cr.App.1980). In that case, the defendant complained of the submission of article 37.071 special issues to the jury at the punishment phase since the indictment did not recite them. The basis of that argument was that special issue submission is governed by the principles of civil law. The Court rejected this contention, stating that in capital cases, special issue submission is specifically provided for in article 37.071, *supra,* subsections (b) through (e). The Court then held that Vigneault was not denied notice that the special issues prescribed by article 37.071, *supra,* would be submitted to the jury at the punishment phase of the trial. Accordingly, in light of *Vigneault,* we hold that a capital murder indictment need not allege the special issues of article 37.071, *supra.* The indictment in the instant case sufficiently alleges the elements of capital murder, and appellant had fair notice of the charges against him. We overrule this contention.

In his third ground of error, appellant asserts that the trial court abused its discretion by refusing to appoint additional counsel, thereby denying him effective assistance of counsel. Initially, we emphasize that appellant has failed to demonstrate that he was harmed by the trial court's ruling and that he has failed to cite any authority to support his assertion. A defendant in state court does not have an absolute right to the appointment of more than one attorney. *Sanne v. State,* 609 S.W.2d 762, 777 (Tex.Cr.App.1980).

The record in this case shows that appellant's counsel was first retained by him and later appointed by the court. Counsel actively participated in the trial, filed numerous pretrial motions, cross-examined witnesses, made objections and presented appellant's defense, the result being that appellant received a life sentence rather than death. *Compare Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980). We hold there is no showing that appellant failed to receive reasonably effective assistance of counsel as a result of the trial court's failure to appoint additional counsel. Appellant's third ground of error is overruled.

In three allied grounds of error, appellant charges that the trial court erred by discharging two jurors, selected at a voir dire proceeding in July, from the final jury chosen in September. By his fourth ground of error, he alleges that he was denied due process of law and the right to trial by a duly qualified jury because the trial court, over timely objection, discharged the two jurors who had been lawfully selected and sworn. In his fifth ground of error appellant claims the trial court erred by considering a motion to quash the prior venire panel after the first presiding judge had denied it. His sixth contention is that appellant was tried and convicted by an unlawfully constituted jury because the jury did not include two previously chosen and sworn jurors.

Appellant filed a motion on July 18, 1978 to disqualify an entire venire panel, including the two persons who had been selected as jurors. The then trial court denied the motion; subsequently the trial was delayed for over one month based upon appellant's request for recess. Upon reconvening the court, a new judge presided over the trial and appellant attempted to withdraw the motion, arguing that it had been acted upon at a prior proceeding.[2]

The new presiding judge examined the motion, expressing concern about possible error tainting the July venire before he came into the case. After a lengthy discussion regarding the two sworn jurors, appellant was afforded the opportunity to proceed to trial with the two jurors if he would waive any error that might have occurred in the selection of them. Appellant refused to waive any error and the court then declared a mistrial, the effect being to exclude the two jurors.[3]

Appellant's assertion that the two jurors were duly and properly selected on one hand, yet his simultaneous refusal to waive likely error as alleged in his motion, in the selection of those jurors so that trial might proceed accordingly, is not well taken. Such action would force the trial court to preserve possible constitutional error and proceed to trial so that appellant might later attack a conviction on those very grounds. We point also to the overruling of the holding in *Ellison v. State,* 12 Tex.App. 557, 580 (1882) that it is beyond the power of the court to excuse an impaneled juror. *Sanne v. State, supra* at 769. Reliance by appellant on that case and its progeny is misplaced. We find no abuse of discretion by the trial court in dismissing the two jurors previously selected by declaring a mistrial. The third ground of error is overruled.

2. The basis of the motion for quashal of the first panel was unlawful excusal of twenty-six venirepersons called as part of that panel.

3. The trial court's order states that the motion to quash the jury panel was "reconsidered and

a mistrial is ordered whereby all jurors heretofore selected and jurors still to be questioned are released and discharged. A new trial with a new jury panel shall begin immediately."

In his seventh ground of error, appellant contends that the district court erred in refusing to allow appellant, on voir dire, to ask prospective jurors whether they could believe that a police officer would tell a willful falsehood on the witness stand. We find no merit in this allegation.

The conduct of the voir dire examination and the determination of the propriety of any proposed question must rest within the sound discretion of the trial court, subject to appellate review for abuse of discretion. Transcription of the voir dire discloses that appellant questioned five prospective jurors regarding the possibility of a police officer making a false statement on the witness stand. *See Patterson v. State,* 598 S.W.2d 265, 272 (Tex.Cr.App.1980). The question posed was

"Do you believe that a police officer, who is hired to keep the peace, wears a uniform and a gun and a badge, do you feel that a police officer could in any case take the oath to tell the truth, and then deliberately lie from the witness stand?"

The trial court sustained the State's objection to the form of the question in all five instances. *See Trevino v. State,* 572 S.W.2d 336 (Tex.Cr.App.1978). The court then questioned:

COURT: ... [I]s it beyond your comprehension that a police officer would lie under oath, any different than any other person.

VENIREPERSON: No.

COURT: All right, so would you give the same credibility to this gentleman here as a witness that you would a peace officer?

VENIREPERSON: Yes, sir.

COURT: You'd listen to him the fact that he has a uniform on or does not have a uniform on doesn't make any difference?

VENIREPERSON: It doesn't make any difference.

COURT: You are going to try it on that.

VENIREPERSON: Yes, sir.

Thereafter appellant asked the question in a similar fashion. He thus obtained the precise information he desired. *Compare Hernandez v. State,* 508 S.W.2d 853 (Tex. Cr.App.1974). No abuse of discretion is shown. The seventh ground of error is overruled.

In his eighth ground of error, appellant contends that Tex.Code Crim.Pro. Ann. art. 37.071 (Vernon 1981) conflicts with the provisions of Tex.Penal Code Ann. § 12.31(b) (Vernon 1974). Article 37.071(a) provides in pertinent part:

The State and the defendant or his counsel shall be permitted to present argument for or against the sentence of death.

Section 12.31(b) provides:

Prospective jurors shall be informed that a sentence of life imprisonment or death is mandatory on conviction of a capital felony. A prospective juror shall be disqualified from serving as a juror unless he states under oath that the mandatory penalty of death or imprisonment for life will not affect his deliberations on any issue of fact.

Appellant argues that a juror qualified under the provisions of § 12.31(b), *supra,* cannot properly feel the impact of the defensive arguments allowed by art. 37.071, *supra.* He urges that the apparent conflict between the two statutes denied him his right to counsel (presentation of argument) and to trial by a fair and impartial jury. He has not supported this contention with authorities. Further, he has shown no harm relevant to his contention since he received a life sentence.

This court finds no conflict between the two statutes. The purpose of § 12.31(b), *supra,* is to qualify impartial jurors in death penalty cases and to remove those jurors who would allow the possibility of punishment by life imprisonment or death to affect their deliberations on an *issue of fact* during the *guilt-innocence* phase of the trial.[4]

4. The authority of § 12.31(b), *supra,* for the excusal of potential jurors in a death penalty case is now limited, of course, by *Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d

Article 37.071, *supra,* on the other hand, permits the State to argue for and the defense to argue against the imposition of the death penalty at the *punishment phase* of the trial. When two statutes deal with the same general subjects, they are said to be *en pari materia. Alejos v. State,* 555 S.W.2d 444, 449 (Tex.Cr.App.1977). *See also Cuellar v. State,* 521 S.W.2d 277, 279 (Tex.Cr.App.1975), citing 53 Tex.Jur.2d, *Statutes,* § 119–204 (1964). The two statutes in this case can be harmonized without difficulty. The contention is overruled.

By his ninth ground of error, appellant complains the trial court did not permit him to question officer Viera about supposed "brutal atrocities" he had committed. We find this contention to be without merit. Appellant shows no connection between the alleged wrongful conduct of officer Viera and the commission of this present offense. *Parker v. State,* 159 Tex.Cr.R. 408, 263 S.W.2d 949, 950 (Tex.Cr.App.1953). That proffered testimony would not have been relevant to any issue in the case. *Beltran v. State,* 593 S.W.2d 688, 690 (Tex.Cr. App.1980). The argument is without merit.

Appellant contends in ground of error ten that he was denied the right to cross-examine a witness when the trial court refused to admit officer Viera's machine gun into evidence. Appellant argues that "... not only did officer Viera have the machine gun with him at the time of the slaying, but that it could have been the gun that killed the deceased." The evidence is otherwise, however. Appellant asked officer Viera where his nine millimeter Uzi machine gun was on the night of the incident. Officer Viera responded that it was locked up in the police station and that he did not carry weapons with him when he crossed the border into Mexico. Appellant then attempted to offer the machine gun into evidence. The State's objection to its admission was sustained on the ground that the machine gun was not material to the case. It is well settled that a trial judge has broad discretion concerning the admission of evidence. *Jackson v. State,* 575 S.W.2d 567, 570 (Tex.Cr.App. 1979). The evidence must be relevant to a contested fact or issue to be admissible. The determination of this admissibility is within the sound discretion of the trial judge. *Stone v. State,* 574 S.W.2d 85, 89 (Tex.Cr.App.1978). Appellant failed to show the presence of the gun at the scene or its use. We hold that the trial court properly refused to admit the machine gun into evidence. The tenth ground of error is overruled.

Appellant next asserts the trial court erred in denying his motion to suppress certain evidence, marihuana and a shotgun because this evidence was obtained as a result of an illegal search and seizure. Appellant claims the officers had no probable cause to stop him or the car in which he was riding. We do not agree that the station wagon and its occupants could not be stopped. We find that officer Viera had specific and articulable facts, which, in light of his experience and general knowledge as a Laredo narcotics officer, when taken together with rational inferences to be drawn from those facts, were sufficient to permit him to stop the vehicle and detain its occupants. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), *Ceniceros v. State,* 551 S.W.2d 50 (Tex.Cr.App.1977), *Brown v. State,* 481 S.W.2d 106 (Tex.Cr. App.1972). Further, once the station wagon was stopped, gunshots erupted from within, causing the death of the officer. The subject evidence which appellant moved to exclude in this homicide trial was recovered only after the events of the offense.

Moreover, it is well established that where an offense is one continuous transaction or where another offense is part of the case on trial or so closely interwoven with the case on trial, proof of all facts relating to the transaction or other offense is proper

---

581 (1980). *Adams* precludes excusal of potential jurors in such cases on any grounds broader than permitted under *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

as part of the *res gestae* of the offense. *Ward v. State,* 581 S.W.2d 164, 167 (Tex.Cr. App.1979); *Rios v. State,* 557 S.W.2d 87 (Tex.Cr.App.1977); *Simmons v. State,* 504 S.W.2d 465 (Tex.Cr.App.1974); *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972).

The trial court in this case correctly admitted evidence of appellant's possession of marihuana and the shotgun as part of the *res gestae* of the offense of capital murder, these facts also being probative of a crucial element: whether Officer Albidrez was acting in the lawful discharge of an official duty when he was killed. Appellant's contention is overruled.

Appellant complains in his twelfth ground of error of the court's refusal to allow appellant sufficient time during the trial to subpoena witnesses in his behalf, thereby preventing him from presenting their testimony. Appellant did not request subpoenas for these witnesses until the next to the last day of trial. After the State rested, appellant asked the court for a short recess so that he could procure "a short witness or something like that". This was an oral motion for continuance. Tex.Code Crim.Pro.Ann. art. 29.03 (Vernon 1966) recites that,

> A criminal action may be continued on the *written* motion of the State or of the defendant, upon sufficient cause shown; which cause shall be set forth in the motion. (Emphasis added.)

Appellant's oral motion for continuance is not in compliance with article 29.03, *supra.* However, even if it were properly presented, the record shows that appellant did not exercise diligence in obtaining these witnesses. A refusal to grant a motion for continuance is not error where a defendant has not exercised diligence in obtaining witnesses. *Varela v. State,* 561 S.W.2d 186, 190 (Tex.Cr.App.1978); *Mitchell v. State,* 466 S.W.2d 786, 787 (Tex.Cr.App.1971).

We note appellant's attorney had been counsel of record for about two years before this trial. *See Peoples v. State,* 477 S.W.2d 889 (Tex.Cr.App.1972). We hold that the trial court was correct in denying appellant's motion for continuance. The ground of error is overruled.

In his thirteenth ground of error, appellant argues that he was denied a fair and impartial trial because the trial court threatened his witness with contempt of court for perjured testimony. Appellant cites the rule that the court is not to discuss or comment upon the weight of the evidence or impart to the jury his opinion as to the credibility of a witness. Appellant had been questioning his witness, Delores Solis, about alleged brutalities by officer Viera. The trial court sustained the State's objection and ruled that testimony to be irrelevant and inadmissible. Appellant subsequently requested the court to *remove the jury* in order to make a bill of exception and the court complied. The court then stated:

> COURT: Young woman, I want to call your attention to the fact that you are on the witness stand under oath. You understand that?
>
> SOLIS: Yes, sir.
>
> COURT: And if it is found that to the contrary, what you are testifying, you could be indicted for perjury. You understand that?
>
> SOLIS: Yes, sir.
>
> COURT: So, please bear that in mind when you are testifying.
>
> SOLIS: Yes, sir.
>
> COURT: Because the court is not impressed at all with the fact that you can't give any relevant facts as to when or anything like this, other than what he said to you. All right, proceed.

Appellant voiced no objection to the court's admonition of his witness, thus failing to preserve any alleged error. Further, no error is presented because the court's comments occurred *outside the presence of the jury.* No harm is shown. The ground of error is overruled.

By his fourteenth ground of error, appellant insists that the trial court commented upon the evidence in the jury's presence by stating that some sacks and

suitcases, later shown to contain marihuana, were retrieved from appellant's station wagon. The prosecutor sought to introduce into evidence a photograph of that vehicle. The court overruled appellant's objection to the admission of the photograph into evidence. The record reflects the following statements:

[Defense counsel]:

Mr. Looney "The objection is he [the prosecutor] is testifying and stating what that picture is, what it means, and his own connotation and interpretation of it, saying where certain things came from that are in that picture, and he is—"

COURT: "The court does not wish to make any comment on it, however, *the court has held that it has been identified as the contents of the station wagon."* (Emphasis added.)

Mr. Borchers [District Attorney]: "That's right. Its already in evidence."

Mr. Looney: "Well, your Honor, we will have to approach the Bench on that."

Conference at the Bench with the Court and all counsel, outside the hearing of the jury as follows:

Mr. Looney: "The court has now said that the court held that it is the contents of the station wagon. And we ask for a mistrial because of the comment on the evidence by the court, and the court did not intend to do that, but nevertheless that's what it did. We ask for a mistrial on it, your Honor. There's no way your Honor's instructions would ever cure that."

After the jury returned to the courtroom, the trial court instructed them as follows:

COURT: "The jury will be instructed, if the court made any reference improperly, which it does not find that it did, as to reference to what came out of what, that picture has reference to, I will simply tell you this, that the picture depicts what it shows in the picture. That is the only thing you will take it from, and please be content with that."

Mr. Looney: "If your Honor please, we renew our motion for mistrial."

COURT: "It is overruled. Proceed."

We do not construe the court's remark as a comment on the weight of the evidence, but merely as a statement regarding his ruling upon the admission of the photograph into evidence. The State earlier said that the photograph was being offered to show "the burlap sacks that were removed from the back of the station wagon." Thus, the statement by the court that the photograph depicted the contents of the station wagon was merely a restatement of the ruling already made on the *admissibility,* not the weight, of the exhibit. Further the statement was merely cumulative of matters already in evidence. The ground of error is overruled.

In his fifteenth ground of error, appellant says the trial court failed to enforce its order directing the court reporter to record all proceedings, including all conferences held outside of the presence of the jury. It is the responsibility of counsel to advise the trial court if he desires to have the proceedings or any part thereof reported. Tex.Code Crim.Pro.Ann. art. 40.09 (Vernon 1979). *Walthall v. State,* 594 S.W.2d 74, 81 (Tex.Cr.App.1980). While appellant had requested that the trial proceedings be recorded, it was nevertheless incumbent upon him to object if the bench conferences were not held within the hearing of the reporter or recorded by him. Appellant did not object during the trial, nor did he object to the record after being notified of its completion. *See* Article 40.09, *supra,* Sec. 7. Moreover, appellant has neither shown nor alleged that anything pertinent to this appeal took place in the unrecorded bench conferences. *Walthall v. State, supra.* Reversible error is not presented.

The sixteenth ground of error presented by appellant complains of a statement made by the prosecutor during closing argument. The prosecutor argued to the jury that appellant probably stated to his co-defendant brother, "If he goes to your side, you kill him. If he comes to my side, I'll kill him." (This referred to the deceased officer's approach to the appellant's

station wagon.) At this point, appellant moved for a mistrial. The trial court denied the motion, but instructed the jury to take their own recollection of the testimony and to reach their verdict accordingly. The statement complained of was rendered harmless by the trial court's instruction to recollect the evidence. Reasonable deductions from the evidence are permissible in argument. *Smith v. State,* 513 S.W.2d 823, 831 (Tex.Cr.App.1974). See cases cited therein. The ground of error is without merit.

In his final ground of error, appellant argues that the trial court abused its discretion by refusing appellant an extension of time to review the record on appeal. He maintains that because he was rushed, he was precluded from objecting to the record's failure to include a communication between the court and the jury.

The record does show that appellant filed a motion to extend time for making objections to the record on appeal, however, the record does not show that the motion was ever brought to the attention of the trial court or that it was ever acted upon by the court. Therefore, the record does not bear out the appellant's contention that the trial court *refused* to grant him an extension of time to review the record on appeal. Under these circumstances we see no reason to depart from the general rule that if a motion or objection is not brought to the attention of the trial court, nor ruled upon by the trial court, no error is preserved. *See e.g., Hanner v. State,* 572 S.W.2d 702 (Tex.Cr.App.1978), *cert. denied* 440 U.S. 961, 99 S.Ct. 1504, 59 L.Ed.2d 774. There being no error shown, the ground of error is overruled.

The judgment is affirmed.