R.B. SPRINGER, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–85–878–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 26, 1986.

Discretionary Review Refused
March 18, 1987.

Robert C. Bennett, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, James E. Lindeman, III, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

PAUL PRESSLER, Justice.

Appellant, a Houston Police Officer, was investigated by a grand jury concerning police brutality. The grand jury called a number of citizens who testified that they had been brutalized and abused while in the appellant's custody. The appellant was asked under oath, "Mr. Springer, have you ever physically abused or mistreated a prisoner or suspect in your custody?" He answered, "[N]o sir." The grand jury indicted appellant for aggravated perjury. At trial, the State presented eight witnesses who testified to the mistreatment they had received at the hands of appellant. The trial court found appellant guilty of aggravated perjury and assessed a ten-year probated sentence and a $1000 fine. We affirm.

Appellant, in his first point of error, complains that the trial court should have granted his motion for acquittal since a perjury conviction cannot be based solely on the accused's statement of opinion as to the legal effect of certain facts. A witness cannot be guilty of perjury in giving such an opinion. *Schoenfeld v. State*, 56 Tex. Crim. 103, 119 S.W. 101 (1909). In *Schoenfeld*, the defendant testified under oath about his interpretation of a contract. The Court of Criminal Appeals held that such an error would not support a conviction for perjury.

The statement here was given concerning alleged violations of civil rights by appellant. He argues that his statement was an expression of his opinion as to the legal effect of his conduct, i.e. whether he had committed an offense. Appellant was not asked to interpret whether his conduct violated any person's civil rights. He was simply asked whether he had ever "physically abused or mistreated a prisoner or suspect." The principle of *Schoenfeld* does not apply here.

■ Any possible error resulting from the denial of appellant's motion for acquittal was waived when he thereafter elected to present defensive evidence. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex. Crim.App.1980); *Martin v. State*, 704 S.W.2d 892, 893 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). The first point of error is overruled.

■ In his second point of error, appellant complains of a lack of corroboration of the evidence as required by Texas Code of Criminal Procedure, article 38.18(a) (Vernon 1979) which provides:

No person may be convicted of perjury or aggravated perjury if proof that his statement is false rests solely upon the testimony of one witness other than the defendant.

Appellant contends that because there was only one witness to each of the three instances of abuse alleged in the indictment, there was insufficient corroboration. Appellant has misconstrued the statute. Article 38.18(a) does not require that every allegation in an aggravated perjury indictment be established by the testimony of two or more persons. The statute requires corroboration only of the fact that the statement is false. The statement was that he "had never abused or mistreated a prisoner or suspect in his custody". The falsity of that statement was shown and corroborated by numerous witnesses who testified to the mistreatment they received while in appellant's custody. There is no requirement that each separate incident of cruelty had to be separately corroborated as well.

■ Appellant also argues that the 1973 amendment to article 38.18(a) did not change the earlier requirement that there be testimony of two or more witnesses or one witness and other evidence proving the falsity of a statement. This claim is not correct. Article 38.18(a) requires a conviction for perjury or aggravated perjury to be proven by more than one witness to the falsity of the statement. *McGuire v. State*, 707 S.W.2d 223 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). Appellant's second point of error is overruled.

■ Appellant, in his third point of error, contends that the evidence is insufficient to prove that his false statement was material to the grand jury investigation. The elements of aggravated perjury are that the statement assigned as perjury must be made during or in connection with an official proceeding and be material. *McCullar v. State*, 696 S.W.2d 579, 581 (Tex.Crim. App.1985); Tex.Penal Code Ann. §§ 37.02, 37.03 (Vernon 1974). Appellant points out that, at the time he made his false statement, the grand jury had not heard the testimony of one of the persons named in the indictment as having been abused by appellant. Appellant claims that his statement, therefore, was not material to the grand jury investigation.

■ A statement is material if it could have affected the course or outcome of the official proceeding. *Mitchell v. State*, 608 S.W.2d 226 (Tex.Crim.App.1980); Tex.Penal Code Ann. § 37.04 (Vernon 1974). The question posed to appellant was material. Appellant's false response was material to the grand jury proceedings. Appellant's third point of error is overruled.

■ Appellant, in his fourth point of error, complains that the State was improperly allowed to introduce evidence of extraneous transactions. The appellant has not shown where these alleged errors may be found in the record, or where any objection he made was overruled by the court. When a point of error does not call attention to any portion of the record and there-

by identify the action complained of, nothing is presented for review. *Bell v. State,* 620 S.W.2d 116, 126 (Tex.Crim.App.1980).

■■■ Even if the point had been preserved, it would not have been error. If an extraneous transaction is relevant to a material issue and its relevance outweighs its prejudicial effect, it is admissible. *Plante v. State,* 692 S.W.2d 487, 491 (Tex.Crim. App.1985). This testimony was relevant to appellant's intent to deceive and his knowledge that his statement was false. The trial court determined that the probative value outweighed its prejudicial effect and properly admitted the testimony. Appellant's fourth point of error is overruled.

■■■ The appellant complains in his fifth point of error that the trial court erred in failing to grant his motion to quash the indictment since the indictment provided no notice of when, where, or how he choked his prisoners and was too vague to bar subsequent prosecutions. "Complaints which relate to insufficient notice rather than to a jurisdictional defect should· be raised by a motion to quash." *Clark v. State,* 577 S.W.2d 238, 240 (Tex.Crim.App. 1979). "[I]f a motion ... is not brought to the attention of the trial court, nor ruled upon by the trial court, no error is preserved." *Aranda v. State,* 640 S.W.2d 766, 776 (Tex.App.—San Antonio 1982). The record does not show that the appellant ever secured a ruling on this motion.

Furthermore, the offense of which the appellant was convicted was aggravated perjury, not the abuse of prisoners. The indictment in this case sets forth the time, place, and content of the false statement. There can be no doubt that the State is now barred from seeking a subsequent conviction for that false statement. Appellant's fifth point of error is overruled.

■■■ The appellant, in his sixth point of error, contends that there was not sufficient evidence presented to the grand jury to authorize the return of an indictment. The Court of Criminal Appeals "has consistently refused to go behind the indictment where it is valid on its face when

various errors were alleged." *Carpenter v. State,* 477 S.W.2d 22, 23 (Tex.Crim.App. 1972). It is well established that an indictment returned by a legally constituted, unbiased grand jury, if valid on its face, is sufficient to mandate trial of the charge on the merits. *Crocker v. State,* 573 S.W.2d 190, 204 (Tex.Crim.App.1978). The indictment was valid on its face. The appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed.