**J.G. "Buddy" CHANDLER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–87–285–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1988.

Tali Villafranca, Victoria, for appellant.

George I. Filley, III, Victoria, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted by a jury of aggravated perjury as defined by Tex.Penal Code Ann. § 37.03 (Vernon 1974). His punishment was assessed by the court at confinement for two years, probated, and a fine of $500. We affirm.

The facts of the case can be summarized as follows: Appellant, an elected constable, and George Smith had an altercation at Smith's Restaurant, where appellant was seen to pull a knife. During the investigation by Texas Rangers which ensued one Gary Blank first stated that he had not seen appellant pull a knife and then recanted and said he did see it. At trial, Gary Blank testified that he had seen appellant pull the knife from a scabbard on the occasion of the altercation.

Appellant appeared before the grand jury and denied under oath that he had pulled a knife on the occasion in question. The foreperson of the grand jury confirmed

this denial in her testimony to the trial jury.

By three points of error, appellant complains of the sufficiency of the evidence to support the conviction based upon several theories:

1. The state failed to prove that appellant removed a knife from its scabbard and exhibited it, as alleged.

2. The conviction was based upon the testimony of only one witness in violation of Tex.Code Crim.Proc.Ann. art. 38.18 (Vernon 1979).

3. The one witness who testified against appellant was an accomplice and his testimony was uncorroborated.

4. The matter about which appellant allegedly lied to the grand jury was immaterial to any crime.

■ Two witnesses testified at trial that appellant had a knife in his hand at the scene of the altercation. His victim, George Smith, stated that appellant was "swinging" a knife and he, Smith, received a facial cut from it. Gary Blank testified that he had seen appellant pull a knife from a scabbard. The foreperson of the grand jury testified that appellant denied under oath that he had pulled a knife. The credibility of the witnesses is for the jury to decide. *Coe v. State*, 683 S.W.2d 431 (Tex.Crim.App.1985). The evidence is sufficient to sustain the conviction.

■ The evidence just recited also defeats the contention that the conviction violates the standard of proof given in Tex. Code Crim.Proc.Ann. art. 38.18 (Vernon 1979). This article states, in pertinent part, "No person may be convicted of perjury or aggravated perjury if proof that his statement is false rests solely upon the testimony of one witness other than the defendant." Article 38.18 no longer requires the testimony of two credible witnesses or of one credible witness corroborated strongly by other evidence. The article now stands for the proposition that to obtain a conviction for perjury or aggravated perjury the State need only produce more than one witness. *McGuire v. State*, 707 S.W.2d 223 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd); *Springer v. State*, 721 S.W.2d 510 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). The state has met this burden.

As noted earlier, appellant also asserts that the one witness that testified against him was an accomplice and that his testimony was uncorroborated. No evidence shows that Gary Blank was an accomplice. While the evidence indicates that he initially told an untruth to the investigating officers, he later recanted his testimony before the matter reached the grand jury. This is a defense to aggravated perjury. Tex.Penal Code Ann. art. 37.05 (Vernon 1974).

■ Finally, appellant argues that the matter about which he allegedly lied is not a crime and is therefore, immaterial in that it could not affect the outcome of the original proceeding. Tex.Penal Code Ann. § 37.04 (Vernon 1974) states:

(a) A statement is material, regardless of the admissibility of the statement under the rules of evidence, if it could have affected the course or outcome of the official proceeding.

(b) It is no defense to prosecution under Section 37.03 of this code (Aggravated Perjury) that the declarant mistakenly believed the statement to be immaterial.

(c) Whether a statement is material in a given factual situation is a question of law.

The trial testimony of the foreperson of the grand jury was:

Q. All right. During the questioning of the Defendant before the grand jury session, was he asked questions regarding whether or not he had removed a knife and exhibited or used it during an altercation on December 22nd of 1986?

A. Yes, he was.

Q. And, in specific, (sic) an altercation involving a George T. Smith?

A. Yes.

Q. And let me ask you whether or not Mr. Chandler denied removing a knife from its scabbard and exhibiting it during that altercation with George Smith?

A. Yes, he did.

Q. Mrs. Martin, was the inquiry into whether Mr. Chandler removed or exhibited his knife material to the investiga-

tion that your grand jury was concerned with at that particular time?

A. Yes, it was.

Q. And let me ask you whether or not the truth or the falsity of that statement as to whether or not he removed a knife from its scabbard and exhibited it during an altercation with George T. Smith on December 22, 1986 could have affected the course or outcome of the your grand jury proceeding?

A. Yes.

We hold the testimony which the grand jury heard from appellant was material.

All of appellant's points of error are overruled. The judgment of the trial court is AFFIRMED.