Michael Lee HUTCHESON, Appellant,

v.

STATE of Texas, Appellee.

No. 11–97–00256–CR.

Court of Appeals of Texas,
Eastland.

Oct. 29, 1998.

Discretionary Review Refused Feb. 3, 1999.

Randy Wilson, Attorney at Law, Abilene, for appellant.

James Eidson, Criminal District Attorney, Taylor County Courthouse, Kollin Shadle, Appellate Section, Criminal District Attorney's Office, Taylor County Courthouse, Abilene, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

OPINION

WRIGHT, Justice.

The trial court convicted appellant of aggravated perjury and assessed his punishment at 3 years confinement and a $5,000 fine. We affirm.

Appellant and his wife were in the process of obtaining a divorce. During the pendency of the divorce, temporary orders were issued,

an enforcement hearing was held, mediation was ordered, appellant's deposition was taken, a final hearing was held, and a judgment was entered. The divorce action involved various contested issues, including a contest over the division of the property. During discovery, appellant's wife's attorney took appellant's deposition. After appellant's deposition was completed, the court reporter was asked to "hold off" on transcribing it. The case was ultimately settled, a hearing was held upon the proposed settlement, and a final decree of divorce was entered. Later, a grand jury returned an indictment against appellant charging him with aggravated perjury in connection with certain statements he had made in the deposition. The indictment charged that:

> MICHAEL LEE HUTCHESON, with intent to deceive and with knowledge of the statement's meaning, made a false statement *in connection with an official proceeding, to-wit: a hearing* in Cause No. 26,183–C in the 326th District Court of Taylor County, Texas, styled In the Matter of the Marriage of Carol Ann Hutcheson and Michael Lee Hutcheson and in the interest of Coby Dan Hutcheson, Cutter King Hutcheson and Cole Warner Hutcheson, Minor Children. (Emphasis added)

There has been no attack on the sufficiency of the evidence to show that the statements of appellant constituted perjury or that they were material. Rather, the attack is: (1) that there is a fatal variance between the allegations of the *indictment* and the proof at trial and that, therefore, the trial court erred as a matter of law when it denied his request for a "directed verdict" and (2) that the trial court erred when it failed to grant appellant's "motion for directed verdict" because there was insufficient evidence to sustain the conviction under the indictment.

TEX. PENAL CODE ANN. §§ 37.02(a)(1) & 37.03(a) (Vernon 1994) define aggravated perjury as follows:

> A person commits an offense if, with intent to deceive and with knowledge of the statement's meaning: he makes a false statement under oath or swears to the truth of a false statement previously made

and the statement is required or authorized by law to be made under oath.

> A person commits an offense if he commits perjury as defined in Section 37.02, and the false statement: is made during *or* in connection with an official proceeding; and is material. (Emphasis added)

■ Appellant and the State both take the position that the "to-wit: a hearing" language in the indictment is descriptive of "official proceeding" and that, under established Texas law, the State must prove such allegations. *Burrell v. State*, 526 S.W.2d 799, 803 (Tex.Cr.App.1975). In support of his position, appellant argues that, even though the State might have proved that the false statements were made in a *deposition*, a *deposition* is not a *hearing* and the proof fails; the State alleged "a hearing" and the proof showed "a deposition."

The State argues that the indictment alleges that appellant's false statements were made "in connection with" a hearing and that the deposition was taken "in connection with" the divorce action, which is an official proceeding. The State argues that the deposition is a part of and in connection with "the whole proceeding regarding the divorce itself, the hearings to be had in the divorce." The State maintains that that is the reason the indictment alleged "in connection with an official proceeding" and not "during an official proceeding."

■ By the terms of Section 37.03(a), a charge of aggravated perjury may arise either "during" *or* "in connection with" an official proceeding. In Texas, whether false statements were made "in connection with" a pending official proceeding is a question of law. *Spearman v. State*, 68 Tex.Crim. 449, 152 S.W. 915, 919 (Tex.Cr.App.1913). Appellant does not dispute that a "hearing" is an official proceeding. Further, there is no dispute that a "deposition" is an official proceeding. The question is whether appellant's false statements were made in connection with a "hearing." We hold that they were. We have found no authority which specifically addresses this issue. However, appellant's deposition was taken in order to discover, evaluate, plan, and prove information to be

used in connection with the divorce proceeding. Consequently, the deposition was taken "in connection with" the divorce hearing at which property rights and other issues were to be adjudicated. There would have been no other reason for the deposition. In fact, most depositions are taken after the commencement of a lawsuit. See TEX.R.CIV.P. 200; see also TEX.R.CIV.P. 187 (which pertains to depositions to perpetuate testimony and which requires, among other things, (1) an anticipated suit and (2) the filing of a petition to obtain a deposition). Moreover, to hold otherwise would be to ignore the separate designation of "during" and "in connection with" in the aggravated perjury statute. Points of Error Nos. 1 and 2 are overruled.

In his third point of error, appellant claims that the State did not meet the required burden of proof under TEX. CODE CRIM. PRO. ANN. art. 38.18(a) (Vernon 1979). Article 38.18(a) provides:

No person may be convicted of perjury or aggravated perjury if proof that his statement is false *rests solely upon* the testimony of one witness other than the defendant. (Emphasis added)

The State presented testimony from the court reporter who took appellant's deposition and from the attorney who propounded the deposition questions. The State also introduced the deposition into evidence, as well as appellant's banking records. Proof of the falsity of appellant's statement did not rest solely upon the testimony of one witness other than the defendant. The State met its burden under Article 38.18(a). See *Chandler v. State*, 756 S.W.2d 828 (Tex.App.—Corpus Christi 1988, pet'n ref'd); *Springer v. State*, 721 S.W.2d 510 (Tex.App.—Houston [14th Dist.] 1986, pet'n ref'd); *McGuire v. State*, 707 S.W.2d 223 (Tex.App.—Houston [14th Dist.] 1986, pet'n ref'd). Point of Error No. 3 is overruled.

The judgment of the trial court is affirmed.