NO. 12-03-00021-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


EDWARD DARPINO,
§
 APPEAL FROM THE 369TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


T.D.C.J.-I.D.,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant Edward Darpino ("Darpino") is an inmate in the Texas Department of Criminal
Justice-Institutional Division ("TDCJ"). Proceeding pro se and in forma pauperis, Darpino sued
TDCJ under the Texas Tort Claims Act. (1) The trial court granted a directed verdict in favor of TDCJ. 
Darpino raises two issues on appeal. We affirm.


Background Darpino, an inmate, sued TDCJ alleging that an employee of TDCJ negligently drove a
"gator" utility vehicle while Darpino rode in the bed. Darpino claims that he was injured due to the
driver's negligence when he was thrown from the bed of the "gator." As a result, according to
Darpino, he was physically and mentally injured, and section 101.021(1) of the Texas Civil Practice
and Remedies Code waives the State's sovereign immunity from suit for his damages. 

 The trial court initially dismissed Darpino's suit pursuant to Chapter 14 of the Texas Civil
Practice and Remedies Code, finding the claim to be frivolous or malicious. See Tex. Civ. Prac.
& Rem. Code Ann. § 14.003 (Vernon Supp. 2000). This court reversed the dismissal order and
remanded the case for further proceedings. Darpino v. Texas Dep't of Criminal Justice-Institutional Div., No. 12-98-00048-CV (Tex. App.-Tyler March 31, 1999, no pet.) (not designated
for publication). TDCJ answered and filed special exceptions, which were granted. Darpino
amended his pleadings and TDCJ moved for summary judgment. The trial court granted the motion
and dismissed Darpino's suit without specifying the grounds on which the summary judgment was
granted. Darpino appealed, and this court again reversed and remanded for further proceedings. 
Darpino v. Texas Dep't of Criminal Justice-Institutional Div., No. 12-00-00157-CV (Tex. App.
-Tyler February 28, 2001, no pet.) (not designated for publication). 

 On remand, Darpino submitted pretrial motions to produce documentary evidence and to
subpoena witnesses to appear at trial. The trial court did not schedule a trial management conference
or pretrial hearing. On December 2, 2003, the parties selected a jury and made opening arguments. 
When the trial court asked Darpino to call his first witness, the following dialogue transpired:


 DARPINO: Sir, I have no witnesses at this time.

 COURT: You have no witnesses?

 DARPINO: No witnesses.

 COURT: Do you then rest your case?

 DARPINO: Well, sir, I filed a motion for production of witnesses. That was
never answered by the court. I asked for witnesses to be - that
were available at the scene of the accident and at the medical
infirmary and at the - where I was treated. And I asked for a list
of witnesses. I filed a motion to the Court for -

 COURT: Let me see that file.

 DARPINO: - production of the witnesses on 3-28-01. It was never - it was
never answered.

 . . . .

 COURT: I have no way of knowing what is filed in every case. When you
are in court unless you call it to my attention in a timely manner,
I don't have any way to react to motions that are filed, because
I don't - if a hearing is not scheduled, a motion is not presented,
I have no knowledge of the hundreds, if not thousands of motions
that are in the civil docket. And the Court's function is not to aid
the litigants. The Court's function is to rule on questions of law
and see that the litigants are afforded an opportunity to have a
fair trial. It is not my mission, and it would, in fact, be improper
for me to try to aid one party in developing their case.


 This case - unfortunately this is your opportunity to present
evidence. We have a jury. You have no evidence to present.


 Members of the jury, I am going to instruct a verdict of a take-nothing judgment in this case. I have no alternative. The
evidence has to be presented by witnesses or documents, and it
has not been, and there's nothing else that I can do in this case.
. . . . 


 On appeal, Darpino argues that the trial court erred in granting a directed verdict without
allowing the jury to see documentary evidence and by denying him relevant witness testimony. 
Darpino further argues that the trial court discriminated against him by depriving him of a fair and
impartial trial and by denying him due process. After a careful review of Darpino's brief and the
record, we construe Darpino's issues as an assertion that the trial court erred when it granted a
directed verdict in his case. 


Preservation of Error 

 Under Rule 33.1 of the Texas Rules of Appellate Procedure, an appellant must make a timely
objection, stating the specific grounds for the ruling sought, and receive a ruling from the trial court
on that objection in order to preserve error for appellate review. See Wal-Mart Stores, Inc. v.
McKenzie, 997 S.W.2d 278, 280 (Tex. 1999). Even constitutional errors, such as due process
complaints, are waived if not raised first in the trial court. See Birdo v. Ament, 814 S.W.2d 808, 811
(Tex. App.-Waco 1991, writ denied).

 "It is well settled that pro se litigants are held to the same standards as licensed attorneys and
that they must comply with applicable laws and rules of procedure." Greenstreet v. Heiskell, 940
S.W.2d 831, 834 (Tex. App.-Amarillo 1997, no writ). If a pro se litigant is not required to comply
with the applicable rules of procedure, he would be given an unfair advantage over a litigant who
is represented by counsel. Id. at 835. Therefore, Darpino was required to comply with Rule 33.1.
At trial, Darpino made no objections at all. Because Darpino failed to object to the trial court's
actions, he has not preserved any error for appellate review.


Directed Verdict


 Assuming arguendo that Darpino's issues are preserved, we review a trial court's directed
verdict de novo. Graham v. Atlantic Richfield Co., 848 S.W.2d 747, 750 (Tex. App.-Corpus
Christi 1993, writ denied). A directed or instructed verdict is proper when (1) a defect in the
opponent's pleadings makes them insufficient to support a judgment; (2) the evidence conclusively
proves a fact that establishes a party's right to judgment as a matter of law; or (3) the evidence
offered on a cause of action is insufficient to raise an issue of fact. Edlund v. Bounds, 842 S.W.2d
719, 723-24 (Tex. App.-Dallas 1992, writ denied). When reviewing a directed verdict, we consider
all of the evidence in the light most favorable to the party against whom the verdict was directed,
disregarding all contrary evidence and inferences, and giving the losing party the benefit of all
reasonable inferences raised by the evidence. Qantel Bus. Sys., Inc. v. Custom Controls Co., 761
S.W.2d 302, 303 (Tex. 1988). If there is any evidence of probative force to raise a fact issue, the
issue must go to the jury, and a directed verdict is improper. Id. at 304. Darpino presented no
evidence at trial; accordingly, he failed to raise a fact issue and TDCJ is entitled to a directed verdict.

 Nevertheless, Darpino contends that the trial court erred when it granted a directed verdict
without considering his motions for production of witnesses and evidence. As support for his
argument, Darpino cites cases that discuss the exclusion of evidence. Darpino presented no
evidence, however, and these cases are not applicable here. The general rule is that a motion or
objection must be timely brought to the attention of the trial court. See Aranda v. State, 640 S.W.2d
766, 776 (Tex. App.-San Antonio 1982, no pet.). Darpino failed to timely bring these motions to
the trial court's attention, waiting until he was asked to call his first witness. The trial court has a
broad and inherent authority to control the disposition of cases on its dockets. See Dow Chemical
Co. v. Francis, 46 S.W.3d 237, 240-41 (Tex. 2001). Thus, the trial court here was not required to
delay the trial to consider Darpino's motions. Darpino's issues one and two are overruled.


Other Complaints

 Darpino also raises several complaints in his brief that are not included in his statement of
the issues. First, Darpino argues that the trial court erred when it failed to hold a pretrial
management conference. He cites, without discussing, Rule 248 of the Texas Rules of Civil
Procedure that provides "[w]hen a jury has been demanded, questions of law, motions, exceptions
to pleadings, and other unresolved pending matters shall, as far as practicable, be heard and
determined by the court before the trial commences. . . . Tex. R. Civ. P. 248. This rule applies when
a jury trial is demanded. Id. A pretrial hearing may be scheduled when questions of law or other
matters will delay the trial process by jury. Id.

 The record shows that a jury trial was demanded. The record also shows that Darpino filed
a motion for production of documentary evidence and for witnesses to be subpoenaed. However,
the record does not show that the motions were brought to the trial court's attention until the day of
trial. Only after both parties made opening arguments did Darpino bring his motions to the trial
court's attention. The record does not reveal any questions of law, exceptions to pleadings, or other
unresolved pending matters. If a motion is not brought to the court's attention until the day of trial,
it follows that it becomes impracticable for the court to conduct a pretrial hearing. We iterate that
a motion or objection must be timely brought to the attention of the trial court as a general rule. See
Aranda, 640 S.W.2d at 776. Under the circumstances here, we see no reason to depart from the
general rule. Therefore, we reject Darpino's complaint.

 Second, Darpino includes one sentence in his brief arguing that (1) his due process rights
were violated and (2) he was denied a fair and impartial trial. Darpino cites to a case unrelated to
his cause without discussing its applicability to his case. He also failed to provide an argument
supporting his contention. Mere citation of authority without a discussion of facts showing error is
insufficient argument of issues. Tex. R. App. P. 38.1(h); see Elam v. State, 841 S.W.2d 937, 940
(Tex. App.-Austin, 1992, no pet.). However, in the interest of justice, we have reviewed the record
and have found no constitutional violations.

 Third, Darpino argues the trial court abused its discretion when it denied him appointed
counsel. In support of his complaint, he cites Tolbert v. Gibson, 67 S.W.3d 368, 373 (Tex. App.
-Waco 2001, pet. granted), in which the court of appeals concluded that the trial court should have
appointed counsel for the pro se inmate plaintiff. However, the Texas Supreme Court reversed, 
noting that the mere fact that an indigent inmate brings a cause of action against a prison employee
does not constitute an exceptional circumstance warranting appointed counsel. See Gibson v.
Tolbert, 102 S.W.3d 710, 713 (Tex. 2003). The court reasoned that plaintiffs in medical malpractice
cases are routinely represented by counsel on contingent fee contracts. Id. As long as his claims
against Gibson were meritorious, Tolbert's indigence should not have prevented him from employing
able counsel. Id. Likewise, we conclude that Darpino's circumstances do not warrant appointed
counsel.

 Finally, Darpino complains that he was denied "litigative essentials" and had to choose a jury
from the same venire as two other prisoners involved in a criminal trial. He also complains that he
had to sit at the same table as the two criminal defendants. However, this is a civil case, and there
is no presumption of innocence to be infringed. See Carson v. Gomez, 14 S.W.3d 778, 780 (Tex.
App -Houston [1st Dist.] 2000, pet. denied). Additionally, to constitute reversible error, the error
complained of must be one that (1) probably caused the rendition of an improper judgment or (2)
probably prevented the appellant from properly presenting the case to the court of appeals. Tex. R.
App. P. 44.1(a). Assuming that the circumstances of which Darpino complains constitute error,
Darpino has not made the required showing of harm and therefore has not shown reversible error.


Conclusion


 Having overruled issues one and two and rejected Darpino's other complaints, the trial
court's judgment is affirmed.




 DIANE DEVASTO 

 Justice



Opinion delivered November 26, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.











(PUBLISH)
1. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (Vernon 1997 & Supp. 2002).